168 So.2d 195 (1964)
Meyer SOBEL, Appellant,
v.
Jack LOBEL, Appellee.
No. 64-271.
District Court of Appeal of Florida. Third District.
October 27, 1964.
*196 Kastenbaum, Mamber, Gopman & Epstein, Miami Beach, for appellant.
Leef & Ankus, Miami Beach, Joseph Pardo, Miami, for appellee.
Before CARROLL, HORTON and HENDRY, JJ.
HENDRY, Judge.
Appellee, plaintiff below, brought suit in the Circuit Court for Dade County seeking reformation of a certain contract which plaintiff and defendant had entered into in connection with the sale of all the stock in a corporation which they owned. Upon final hearing, the chancellor entered a decree granting the plaintiff the relief sought. It is from this decree of reformation that defendant appeals.
The parties to this appeal were business partners, each owning 50% of the stock in the business known as Pompi, Inc. There developed a mutual feeling that one or the other of the parties should sever his connection with the ownership and operation of the corporation. They could not agree which partner would buy the other out so an agreement was prepared for the purchase of the stock in the corporation with the name of the purchaser and seller left out, as well as, the purchase price. All other terms were agreed upon, then the two partners, in the presence of their attorneys, bid for the stock of the other. When the appellant bid $52,000, the appellee accepted this figure; thereupon, the appellant became the purchaser of the appellee's stock for that amount. The names of the parties were inserted in the agreement in the blank spaces provided for the buyer and seller, and the proper amounts were similarly inserted for sums to be paid.
At the time of the agreement, the appellant was owed approximately $5,000 by the corporation, and the contract of sale had the following provision:
"12. Monies Due Meyer Sobel from Corporation:
"It is hereby confirmed and recognized that Meyer Sobel is a creditor of Pompi, Inc. to the extent of approximately Five Thousand ($5,000) Dollars, for monies heretofore advanced to the corporation. It is further agreed that said sum shall immediately be credtied toward the initial payment in the event that Mr. Sobel is the Buyer. In the event that Mr. Sobel is the Seller, then the said sum should be paid by the Buyer within ten (10) days at the same time and place as the initial 29% installment payment."[1]
Paragraph 2(a) of the agreement provided that 29% of the purchase price would be paid by August 20, 1962.[2] After the amount had been decided, the sum of $15,080 was inserted in the blank space provided.
Paragraph 2(b) provided that the balance of the purchase price, representing 71%, would be paid by October 9, 1962. After the amount of the purchase price had been determined, the sum of $36,920 was inserted in the blank provided. The $15,080 represented 29% of $52,000 and $36,920 represented 71% of $52,000. Therefore, by virtue of paragraph 2 there was no provision for the $5,000 credit to which appellant was entitled by virtue of paragraph 12 of the agreement above quoted.
*197 Thereafter, appellant paid the $15,080 in accordance with paragraph 2(a) of the contract. Shortly thereafter, appellant advised appellee that he had forgotten about the provision in paragraph 12, and thereupon made his final payment in the sum of $31,920 instead of $36,920 specified in paragraph 2(b) of the agreement.
Appellee instituted this action in equity seeking reformation of paragraph 12 of the contract based on mutual mistake of the parties, in that the second sentence of paragraph 12 should have read: "It is further agreed that said sum shall be immediately paid by the corporation in the event that Mr. Sobel is the buyer.", instead of: It is further agreed that said sum shall be immediately credited toward the initial payment in the event that Mr. Sobel is the Buyer.", [Emphasis supplied]. as it actually appears in the agreement. The italicized portion of the above paragraph is the portion in controversy.
The effect of appellee's contention is that appellant could withdraw the $5,000 from the corporation instead of reducing the purchase price by $5,000. The practical effect being that appellee should receive $52,000 for his stock instead of $47,000.
As evidence of this being the intention of the parties, appellee showed that in fact appellant withdrew $5,000 from the corporation shortly after the agreement was executed.
Appellee contends that the mistake in paragraph 12 was due to the scrivener's error in reducing the intentions of the parties to the written contract.
In order to qualify for judicial consideration of the discretionary granting of the equitable relief of reformation, an applicant must demonstrate that a mutual mistake of fact occurred. The burden of proof is greater than in the usual civil case in that more than a preponderance of the evidence is required.[3] The proof need not be beyond a reasonable doubt,[4] but it "must be clear and convincing, and sufficient to overcome the strong presumption arising from the [contract] that it correctly expresses the intention of the parties.[5]" The record before us fails to comply with this requirement and accordingly must be reversed.
There are two facts brought forth in support of appellee's contention of mutual mistake; (1) The withdrawal by appellant of $5,000 prior to his making the first payment of the contract; (2) Appellant's payment of the full amount of the first payment without taking the $5,000 credit pursuant to paragraph 12 of the contract. Both of these acts are consistent with appellee's contention and inconsistent with paragraph 12 of the contract as written.
On the other hand, there are these facts which mitigate or tend to refute appellee's contention of mistake; (1) It is somewhat difficult to believe that the scrivener made such a gross mistake of transposition by writing "credited toward the initial payment", instead of "paid by the corporation". The phrase is completely different and defies logical explanation as a scrivener's mistake. (2) The last sentence of paragraph 12, which is not claimed to be in error, is consistent with the second sentence as written but inconsistent with the second sentence as reformed by the lower court. By virtue of the last sentence of paragraph 12, the individual stockholder is responsible for the corporate obligation, because if appellant were the seller he would be paid the $5,000 in addition to the purchase price for the stock. If appellee's contention is correct, then the $5,000 would be an obligation of the corporation if appellant were the purchaser and an obligation of Mr. Lobel if appellant were the seller of the stock.
*198 According to the agreement, as written, no matter who was purchaser and who was seller, the obligation for this $5,000 was personal to Mr. Lobel. This is more in keeping with the entire tenor of the agreement which provided for the same contractual provisions no matter who was the purchaser and who was the seller.
The above does not in any sense indicate the quantitative value of the proof offered by appellee in support of his request for reformation, but we think that it clearly indicates that he has failed to overcome the presumption of correctness inherent in the written contract which he sought to reform.
Accordingly, the judgment appealed is reversed.
Reversed.
NOTES
[1] It should be borne in mind that this portion of the contract was prepared prior to the parties' knowing who was the purchaser and who the seller.
[2] The agreement was executed on August 9, 1962.
[3] Goodstone v. Shamblen, Fla.App. 1962, 141 So.2d 8.
[4] id.
[5] Old Colony Insurance Co. v. Trapani, Fla.App. 1960, 118 So.2d 850, 853.