DYKES, ROGER F., Associate Judge.
This case comes to this court on timely appeal from final judgment based upon a jury verdict for the plaintiff in the amount of $52,200.00. Error is assigned from the denial of a directed verdict for the defendant appellant, Johnson, and from the denial of a subsequent Motion for New Trial or, in the alternative, Motion for Judgment Notwithstanding the Verdict. We find no error in the action of the trial court and, therefore, affirm.
The case arose from a multiple car rear end collision on a clear, dry night in the right hand lane of a four lane undivided highway. The number one, or lead, vehicle, belonging to the defendant Johnson, who is appellant here, was stopped in the right hand lane, having run out of gas. The number two vehicle, a Volkswagen, held the plaintiff, and this came to a stop also in the right hand lane approximately one-half car length behind the number one vehicle. The number three vehicle, an Olds *207 mobile, belonging to the co-defendant Lund was also in the right hand lane and at a high rate of speed struck the number two vehicle driving it forward into the number one vehicle. Plaintiff Stroud in the number two vehicle brought suit against the appropriate defendants in the number one vehicle and the number three vehicle jointly, and the jury found for plaintiff and against both defendants, assessing damages at $52,-200.00.
Error is assigned in the denial of the defendant Johnson’s Motion for Directed Verdict which was made at the close of all the evidence. The second error assigned is the refusal of the court to give a requested instruction to the jury relating to the statute on reckless driving, Florida Statutes, Section 317.21, F.S.A.
From a full examination of the record it appears that there was sufficient, competent evidence on the issue of negligence of the defendant Johnson, and that such issue as a fact question was properly submitted to the jury.
In Haislet v. Crowley, Fla.App., 170 So.2d 88 the appeal also involved a collision between three vehicles which had been traveling in the same direction. In that case also, the defendant appellant was driver of the lead vehicle which was stopped ; the plaintiff was driver of the second vehicle which had been brought to a stop and was then struck from behind by a third vehicle and driven forward into the rear end of the lead vehicle. In affirming the action of the trial court refusing directed verdict in favor of defendant on the issues of negligence, contributory negligence and proximate cause, we said in part:
“In making this contention the defendant first asserts and accepts as a fact that part of the plaintiff’s testimony dealing with the distance between her automobile and that of the defendant and then computes on a mathematical basis speed, reaction time and stopping time to arrive at the conclusion that the plaintiff could not have stopped within the intervening distance. By this process defendant then concludes that the defendant’s stop was not sudden, as testified to by the plaintiff, but necessarily was slow and gradual, as testified to by the defendant, because the plaintiff did stop prior to striking the defendant. Such an argument projects itself into the realm reserved to the jury. It requires the acceptance of a part of the plaintiff’s testimony and the rejection of another part which is within the exclusive province of the jury. See Wynne v. Adside, Fla.App.1964, 163 So.2d 760.”
Much of the appellant’s argument has to do with observations of speed, distance and physical calculation, all of which is the proper province of the jury to consider.
Appellant also argues that if the jury found him negligent in the lead vehicle, they were bound also to find the plaintiff negligent in the second vehicle, since both were stopped on the highway. The fallacy, of course, lies in the attempt to identify the two situations as a matter of law. They were not identical, and the jury could well have found, as they undoubtedly did, that the plaintiff’s conduct in the exercise of “due” care was under stress of entirely different circumstances than was that of the defendant ahead.
With reference to the second point made by appellant, we find no error in the refusal to instruct on the reckless driving statute. This could have related only to the conduct of the codefendant Lund. It does not appear that an issue of recklessness was made by the pleadings, nor do we find that the evidence was sufficient to justify the presentation of the issue to the jury. Ruskin v. Travelers Insurance Company, Fla.App., 125 So.2d 766.
The judgment of the trial court is affirmed.
ALLEN, C. J., and ANDREWS, CHARLES O., Jr., Associate Judge, concur.