ANDREWS, Acting Chief Judge.
Docia Rucks, plaintiff, appeals a final decree which reformed the description of the land contained in a deed by which title was conveyed to the defendant, S. Ansin, as Trustee.
The plaintiff and her husband in July 1950 acquired title from the United States Government to the property described as follows:
The South Half of Section 30, Township 51 South, Range 41 East, Broward County, Florida.
Prior to having been acquired as a gunnery range by the Government, the property together with the remainder of Section 30 and a number of adjacent sections had been subdivided into sixty-four rectangular lots per section by the Everglades Sugar and Land Corporatioon. In September 1953 the plaintiff, joined by her husband, conveyed to S. Ansin, as Trustee, land described as follows:
Tracts Thirty-three (33) to Sixty-four (64), both inclusive, a Subdivision of the South Half (S ½) of Section 30, Township 51 South, Range 41 East; according to the plat thereof recorded in Plat Book 2, page 39, of the public records of Dade County, Florida; said lands situate, lying and being in Broward County, Florida.
The recorded plat does not show dimension of section lines or of the lots of any of the platted sections. Across the plat of Section 30, approximately 400 feet north of what would be a continuation of the south line of Section 25, a line appears with the legend thereon “South line of this plat.” Then approximately 400 feet south thereof is another line upon which appears the legend “North line of Section 31, Government Survey.” It is this strip of land, approximately 400 feet wide north and south *664 and the width of the section long, that is in dispute.
Shortly after the plaintiff purchased the property, the ranch was enclosed with a barbed wire fence suitable for containing cattle. Various interior fences and certain structures, including windmills and a small house, were also constructed. Along the line which would be the south boundary of the property conveyed, if the plaintiff prevails, there was an interior fence, which fell into disrepair. The Rucks kept cattle on all the property, including the strip, as long as they occupied the ranch.
At the time the plaintiff purchased the property, it was bounded on the east by a drainage ditch which ran to a point some 500 feet north of the southeast corner of Section 30. From thence it took a southwesterly direction and angled back in a southeasterly direction. Access to the plaintiff’s property was by a road which paralleled the south edge of this ditch and entered the ranch at a point north of the strip.
While the plaintiff and her husband owned and operated the property as a ranch, the Palm Canal was dug along the eastern boundary of this property. This canal was of such width and depth that it formed a boundary enclosure for cattle and cut off the former access road to the ranch. It was about this time that, access having become difficult, the plaintiff and her husband sold the property to Ansin, who at that time owned the section of land immediately north of the ranch.
Within a short time after the closing of the deal for the sale of the property to An-sin, all of the plaintiff’s cattle and other personal property were removed from the ranch. To remove the cattle; plaintiff drove them to the northern boundary of the ranch and across the property of the defendant, Ansin. Thereafter, the plaintiff did not reenter on the ranch, never made any claim to possession of any part of it, and considered Ansin the owner of the entire tract. Soon after .the removal of the Rucks’ property and cattle, Ansin took possession of the ranch, including the strip. He thereafter was continuously in possession of it, using it either for the grazing of his own cattle, or for those of his tenants.
In 1954 a bridge was constructed across Palm Canal in the southeast corner of the property on a line which connected it with the county line road on the boundary between Dade and Broward Counties. This again gave access to the property from the south. Ansin and his tenants used this bridge to gain access to the ranch and maintained a cattle gate leading into the ranch immediately northwest of the bridge.
Carl G. Mericle, an employee of the tax office in Broward County, obtained from Docia Rucks, now a widow, her husband, W. G. Rucks, having died in 1958, a quitclaim deed to the disputed strip of land. He arranged to put the property on the tax roll and attempted to obtain possession of the property by fencing it and locking the gates. Ansin brought suit in ejectment against Mericle and obtained a favorable jury verdict. Thereafter, Mericle reconveyed the strip to Docia Rucks by quitclaim deed.
The trial court found on the basis of Mrs. Rucks’ testimony in the ejectment suit and the testimony of her two sons that she had conveyed all of the land which she owned in the south half of Section 30 to Ansin by a deed which failed to fully express her intentions and that she had given the quitclaim deed under the impression that she was merely disclaiming interest in the questioned strip.
Equity may reform an instrument to express the true intent of the parties. A mutual mistake in the description contained in a deed will be corrected by an equity court to reflect the description of the properties intended to be conveyed. Roberts v. Pfeiffer, Fla.App.1961, 135 So.2d 246. Where a deed describes property which is shown not to have been the intention of either party to the transaction, it may be reformed on the basis of parol evidence. Spear v. MacDonald, Fla. 1953, 67 So.2d 630.
*665 A court, in exercising its discretion to grant equitable relief of reformation, must be satisfied that the applicant has demonstrated that there was a mutual mistake in the description of the property resulting in the deed not expressing the true intent of the parties. The proof required to justify such reformation must be clear and convincing and sufficient to overcome the strong presumption arising that a contract correctly expresses the intention of the parties. Sobel v. Lobel, Fla.App.1964, 168 So. 2d 195.
The record before the court fully sustains the findings and decree of the trial court. Accordingly, the decree reforming the deed and declaring the defendant S. Ansin, Trustee, to be the true and lawful owner of the disputed land is affirmed.
Other questions presented on appeal have been considered and found without merit.
Affirmed.
CROSS, J., and WILLIS, BEN C., Associate Judge, concur.