LETTS, Judge,
dissenting:
Regardless of whether or not the various testimony by buyer or sellers’ agents should have been admitted at trial, we have, at best, predictable, self serving and conflicting testimony from both sides, each proclaiming what the dead grantor intended. As against this, there is the plain unambiguous and inescapable language of a warranty deed which excluded the fifteen feet in question. Were such fifteen feet a totally illogical retention by the grantors, I might be otherwise disposed; however, the strip in question provides a direct easement, from land still owned by the grantor, to a navigable lake.
This case is analogous to Rucks v. Ansin, 198 So.2d 662 (Fla. 4th DCA 1967), where this very Court, in a similar situation, said:
A court, in exercising its discretion to grant equitable relief of reformation, must be satisfied that the applicant has demonstrated that there was a mutual mistake in the description of the property resulting in the deed not expressing the true intent of the parties. The proof required to justify such reformation must be clear and convincing and sufficient to overcome that strong presumption arising that a contract correctly expresses the intention of the parties. Sobel v. Lobel, Fla.App.1964, 168 So.2d 195.
I fail to see clear and convincing proof of a mutual mistake in the case now before us.