498 So.2d 969 (1986)
Richard C. KIDD, Appellant,
v.
Troy FOWLER, Charles Wallace Sears, and Scott T. Dell, Appellees.
No. 85-2028.
District Court of Appeal of Florida, Fourth District.
November 19, 1986.
Rehearing Denied January 8, 1987.
Howard J. Nussbaum, Pompano Beach, for appellant.
B.J. Cummins of Law Offices of W. George Allen, Fort Lauderdale, for appellees.
PER CURIAM.
Appellant appeals a final summary judgment determining that a life estate which he reserved in real estate he sold to appellees had been extinguished and that a mechanic's lien had been fraudulently filed. We reverse as to the first issue and affirm the second.
Mr. Kidd and his former wife entered into a purchase and sale agreement with appellees for the sale of their apartment complex. The contract reserved a life estate for appellant: "Richard C. Kidd part [sic] of selling parties will be able to occupy the one bedroom one bath apt. at the east end of the building or between both efficiency *970 apts. for the rest of his life rent free." Eight days later, Mr. Kidd and his former wife executed a deed to appellees at the office of a title insurance company. It is unclear from the record which party chose the title company. Appellant was under the impression that he was being represented by the title company's attorney and did not retain independent counsel. The deed prepared by the title company did not include the clause in the contract reserving the life estate.
Some time later, realizing he had a problem, Mr. Kidd filed a mechanic's lien in an attempt to extract the value of his life tenancy. He admitted that he had not supplied materials nor labor in the amount of the lien, but rather had filed the lien in an amount equal to the present value of his life estate. Ruling that this lien was fraudulent, the trial court dismissed it. Appellant continued to reside in his apartment, rent free, for thirteen months until he was evicted by court order which held that his life estate had been extinguished and that the mechanic's lien had been fraudulently filed.
While we affirm the trial court's ruling on the mechanic's lien, we reverse its ruling on the life estate. The trial court based its decision in part on the doctrine of merger which holds that at closing the contract for the purchase and sale of land merges into the deed, thus extinguishing the contract. While the doctrine is a viable one, we will not apply it where a mistake has clearly been made and equity demands reformation. There is no question that Mr. Kidd presented clear and convincing evidence of the mistake and that he was not compensated for the loss of his life estate. The mistake may be classified as unilateral, mutual, or a scrivener's error. Although appellees contend that the mistake was unilateral on the part of appellant, we believe it was actually a mutual mistake. This mistake occurs where by inadvertence a written contract is drafted and executed contrary to the intention of the parties, such as when it is shown that the parties agreed on one thing but said something different when they incorporated it into their contract. Southeastern Fidelity Ins. Co. v. Broughton, 293 So.2d 139 (Fla. 1st DCA 1974). To say that only appellant was mistaken would mean that appellees were aware of the mistake, yet chose to remain silent and unjustly enrich themselves at his expense. Believing in the good of our fellow man, we choose to find a mutual mistake which permits the reformation of the deed so as to make it express the real agreement and intention of the parties. Rucks v. Ansin, 198 So.2d 662 (Fla. 4th DCA 1967). A scrivener's error would lead to the same result. In Steffens v. Steffens, 422 So.2d 963 (Fla. 4th DCA 1982), we held that relief should be given where because of a draftsman's mistake an instrument contained a clerical error or failed to define the terms as agreed upon by the parties. We thus reverse and remand to the trial court with instructions to reform the deed to include the life estate as contemplated in the purchase and sale agreement.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
HERSEY, C.J., and LETTS and GUNTHER, JJ., concur.