541 So.2d 631 (1989)
Danielle Sandra BARRIER and Bealer L. Barrier, Appellants,
v.
James M. DUNCAN and Tonya A. Duncan, Appellees.
No. BS-444.
District Court of Appeal of Florida, First District.
January 6, 1989.
Rehearing Denied May 3, 1989.
*632 Larry Hill of Law Offices of Larry Hill, and Michael D. Hook of Moore, Hill & Westmoreland, P.A., Pensacola, for appellants.
Stanley Bruce Powell of Powell, Jones & Reid, Niceville, for appellees.
BOOTH, Judge.
This cause is before us on appeal of a final judgment based on a jury verdict awarding damages for personal injuries received in a motor vehicle collision. On appeal, appellants assign error in pretrial discovery and in the charge to the jury. We find it necessary to discuss only the latter issue, which requires reversal and remand for a new trial.
The facts are that appellee James Duncan was operating his pickup truck and trailer in an easterly direction on a fourlane highway in Okaloosa County. It was late afternoon in February, and just prior to dusk. Appellee's three-wheeled, all-terrain vehicle (ATV) that was loaded on the trailer came loose and rolled off so that the ATV's two rear wheels were on the pavement. Appellee pulled the truck and trailer into the righthand lane and stopped on the traveled portion of the roadway. His purpose in stopping was to reload or resecure his ATV. Before exiting, he put on his flashing lights. Appellee was working at the rear of the truck at the time of the accident.
Appellant was also traveling east in the right-hand lane. She was looking in the rear-view mirror in preparation for changing lanes and did not see appellee's vehicle in time to avoid the collisions. Appellant was traveling at 42 miles per hour, well within the speed limit, and coming over the crest of a hill or incline at the time.
Appellees filed suit alleging personal injuries as a result of appellant's negligent operation of a motor vehicle. At the charge conference, appellees requested a special jury instruction, taken from Corpus Juris Secundum (C.J.S.), on a driver's right to stop his motor vehicle on the highway. Appellants objected on the grounds that the standard instructions were sufficient and the state traffic code did not warrant additional instructions. Appellees also requested a charge on reckless driving based on willful or wanton conduct. Appellants objected to that instruction on the ground that reckless driving was not raised by the pleadings. The trial court overruled both objections. The jury returned a verdict finding appellants 90 percent at fault and appellees 10 percent at fault in causing the accident.
In reviewing the alleged errors in the court's jury instructions, the basic rule is that the charge must be considered in its entirety. Giving an erroneous instruction is not ground for reversal absent error affecting the jury's decision. However, where the court gives one correct and one incorrect instruction on the same subject, so that the instructions conflict and may have reasonably confused or misled the jury, the cause must be reversed. Allstate Insurance Company v. Vanater, 297 So.2d 293 (Fla. 1974); Adkins v. Seaboard Coast Line Railroad Co., 351 So.2d 1088 (Fla. 2d DCA 1977); see also Hartman v. Opelika Machine & Welding Co., 414 So.2d 1105 (Fla. 1st DCA 1982); Webb v. Priest, 413 So.2d 43 (Fla. 3d DCA 1982).
In the present case, the court properly instructed the jury in the language of the Florida Statutes on stopping on the highway, but then gave a special instruction taken from C.J.S. which stated an inconsistent rule. Thus, the court, at appellants' request, gave the following instruction from the Florida Statutes:

*633 Upon any highway outside a municipality, no person shall stop, park, or leave standing any vehicle whether attended or unattended upon the paved or main traveled part of the highway when it is practicable to stop, park, or so leave the vehicle off such part of the highway. But in every event, an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles. And a clear view of the stopped vehicle shall be available from a distance of 200 feet in each direction upon the highway.
This section shall not apply to the driver or owner of any vehicle which is disabled while on the paved or main traveled portion of the highway in such a manner and to such an extent that it is impossible to avoid stopping and temporarily leaving the disabled vehicle in such position where highway conditions render such parking off the paved portion of the highway hazardous or impractical. [§ 316.194(1-2), Fla. Stat. (1985).]
It is unlawful for any person or persons willfully to obstruct the free convenient and normal use of any public street, highway or road by impeding, hindering, stifling, retarding or restraining traffic or passage thereon or by endangering the safe movement of vehicles or pedestrians traveling thereon. [§ 316.2045, Fla. Stat. (1985).]
The foregoing instructions constitute a correct statement of the law of Florida regarding stopping on the highway. However, the court, over appellants' objection, also gave the jury the following special instruction:
The operator of a motor vehicle has the right to stop on the highway for the purpose of making repairs, adjusting the machinery of his automobile, or to do whatever is necessary to increase its service for the purpose of travel. A motorist stopped on the highway to make repairs may assume that other drivers using the highway will observe regulations relating to passing and to the control of their vehicle. [60A C.J.S. Motor Vehicles § 331 (1969).]
The last quoted instruction conflicts with the previously-quoted instructions taken from Florida Statutes. The special instruction taken from C.J.S. is based on non-Florida cases and is, furthermore, an incorrect statement of law because substantial parts of the rule were omitted from the C.J.S. quotation.[1] Florida law does not provide that a motorist has "a right to stop on the highway for the purpose of making repairs, adjusting the machinery of his automobile, or to do whatever is necessary to increase its service for the purpose of travel." Under the Florida statutes, a vehicle can be left on the roadway only if it is disabled, and it is impossible or impractical to stop the vehicle off the highway. Appellee's vehicle was drivable and was not mechanically disabled. The reasonableness of his actions in remaining on the roadway to resecure the ATV was a question for the jury under proper instructions. § 316.194, *634 Fla. Stat. The instructions given on the critical issue were erroneous, misleading, and inconsistent with the correct instructions given. Reversal is required on this point alone.
We also note that the last sentence of the special instruction quoted above, regarding reliance on the care of other drivers, is contrary to The Florida Standard Jury Instruction Committee recommendation that no charge be given to the effect that a person may assume that others will use reasonable care. Fla.Std.Jury Instr. (Civ.) 4.7.
The other point on appeal concerns the following instruction on reckless driving:
Any person who drives any vehicle in a willful or wanton disregard for the safety of persons or property is guilty of reckless driving... .
The issue of reckless driving due to willful or wanton conduct was first injected into the trial at the charge conference.[2] Appellants objected to the requested charge.
Jury instructions should clearly and concisely state the issues of fact and law developed in the pleadings and evidence applicable to the case. Extraneous matter that may mislead the jurors or divert their minds from a consideration of the evidence pertinent to the real issues should not be introduced. Butler v. State, 493 So.2d 451 (Fla. 1986); see also Sirmons v. Pittman, 138 So.2d 765, 770 (Fla. 1st DCA 1962). In the case at bar, the reckless driving instruction, as read, connotes quasi-criminal activity,[3] which may well have misled or confused the jury and prejudiced appellants.
An instruction which tends to confuse rather than enlighten the jury constitutes a basis for reversal if it may have misled the jury and caused them to reach a conclusion which they would not otherwise have reached. Veliz v. American Hospital, Inc., 414 So.2d 226 (Fla. 3d DCA 1982); Allstate Insurance Company v. Vanater, supra. In the instant case, we find that both the special instruction on a driver's right to stop a motor vehicle on a highway and the improper instruction on reckless driving may have misled or confused the jury, causing them to arrive at a conclusion which they may not have otherwise reached.
Accordingly, the judgment is reversed and the case remanded for a new trial.
SMITH, C.J., and NIMMONS, J., concur.
NOTES
[1] The entire rule as stated in Corpus Juris Secundum is as follows [60A C.J.S. Motor Vehicles § 331 (1969)] (only the underscored portions were requested by appellees and given in the charge to the jury):

As a general rule, the operator of a motor vehicle has the right to stop on the highway for the purpose of making repairs, adjusting the machinery of his automobile, or to do whatever is necessary to increase its service for the purpose of travel. However, the operator is under a duty to take proper precautions with respect to other vehicles, and to exercise reasonable care to see that his vehicle does not constitute an obstruction of the highway or a source of danger to other users of the highway. Also, he must keep a reasonable lookout, and act prudently, to avoid injury to himself or his property.
Where a motor vehicle, although in need of examination or repairs, is able to proceed safely under its own power to the side of the highway, the operator, in making a stop for repairs, is under the same duties with respect to the selection of a suitable place as would rest on him in the case of a stop for any other purpose; but it has been held that an operator may use the left-hand side of the road for the purpose of repairing his car if he does not thereby unreasonably interfere with other users of the highway.
Reliance on care of others. A motorist stopped on the highway to make repairs may assume that other drivers using the highway will observe regulations relating to passing and to the control of their vehicles.
[2] Johnson v. Stroud, 189 So.2d 206 (Fla. 2d DCA 1966), involving a multiple-car, rear-end collision, where the court affirmed the trial court's failure to give an instruction because the issue of recklessness was not pleaded.
[3] Instruction quoted, supra, is from Section 316.192, Florida Statutes, "Reckless driving."