PER CURIAM.
We reverse and remand. This ease arises out of a contract between the parties for the sale and purchase of four mobile home parks. The contract contained a paragraph stating that the seller would give the buyer a credit or discount against the principal in an amount equal of $2500 per month for each loan in force. The four notes securing the purchase price were drafted so that each note contained a credit provision. Alleging that he did not intend to give the buyer credit on each note, but only intended to give it credit for the entire transaction, the seller filed a complaint for reformation of the notes based on mistake.
At trial, the seller maintained that the mistake was mutual because both parties understood that the credit was to cover the entire transaction and not each individual note. He said that his lawyer’s inadvertently included the credit provision in each of the notes. The buyer, on the other hand, contended that the mistake was unilateral because it understood that the credit was to pertain to each note. It moved for a directed verdict on the reformation claim and the trial court granted it. The seller argues on appeal that the trial court erred in finding that the mistake was unilateral as a matter of law. We agree.
In Kidd v. Fowler, 498 So.2d 969 (Fla. 4th DCA 1986), this court defined mutual mistake to include the situation where a written contract is mistakenly executed contrary to the intention of the parties. Like in Kidd, there is evidence in this case to suggest that a mutual mistake was made. The seller’s attorneys stated that they drafted the notes based on the terms of the purchase and sale contract. The term “note” in the paragraph on credit of the contract is used in both the singular and plural form, in a seemingly interchangeable way. The evidence indicates that the provision was susceptible to differing interpretations. Thus, the trial court was precluded from finding that the mistake was unilateral as a matter of law. See Plotch v. Gregory, 463 So.2d 432, 436 (Fla. 4th DCA 1985) (where there is substantial evidence in support of a claim, a trial court commits reversible error if it directs a verdict on that claim).
The buyers filed a counterclaim for fraud and unjust enrichment. They contend on cross-appeal that the trial court erred in giving the jury confusing and misleading instructions on their duty to have determined whether the seller’s representations were truthful before they relied on them. A review of the trial court’s charge to the jury reveals that the trial court contradicted itself on that issue, without correction, despite the buyer’s objection. Moreover, one of the court’s instructions, that the buyer is charged with the knowledge of all facts which could have been learned through diligent inquiry, was incorrect. See Gold v. Perry, 456 So.2d 1197 (Fla. 4th DCA 1984). The buyer, therefore, is entitled to a new trial on the counterclaim. See Barrier v. Duncan, 541 So.2d 631 (Fla. 1st DCA), rev. denied, 551 So.2d 461 (Fla.1989).
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT HEREWITH.
HERSEY, C.J., POLEN, J., and WALDEN, JAMES H., (Retired) Associate Judge, concur.