528 So.2d 985 (1988)
BREAKERS OF FORT LAUDERDALE, LTD., a Florida Limited Partnership, Appellant,
v.
James S. CASSEL, Appellee.
No. 87-1915.
District Court of Appeal of Florida, Third District.
July 26, 1988.
*986 Hall & O'Brien and Scott Alan Orth and Richard O'Brien, III, Miami, for appellant.
Stephens, Lynn, Klein & McNicholas and Philip D. Parrish and Robert Klein, Miami, for appellee.
Before NESBITT, BASKIN and DANIEL S. PEARSON, JJ.
PER CURIAM.
Finding that the statute of limitations had run on the plaintiff's cause of action for legal malpractice, the trial court dismissed the amended complaint with prejudice. The amended complaint, while deficient in that it failed to establish conclusively when appellant actually knew that its attorney's conduct constituted malpractice, was not beyond cure. We therefore reverse the dismissal with directions to permit plaintiff to amend. See Tucker v. Brennan, 458 So.2d 367 (Fla. 2d DCA 1984).
We note, however, that the trial court was correct in rejecting the alternative argument of Breakers of Fort Lauderdale, Ltd., [Breakers] that the statute of limitations did not begin to run until May 23, 1986, when the lawsuit which Cassel allegedly improperly failed to settle was concluded with Breakers having to pay a substantially greater amount than the amount contained in the earlier agreed upon, but unconsummated, settlement. Damage to Breakers occurred the moment it was called upon to incur the expense of having to continue to defend against a lawsuit that should have been settled but for its attorney's alleged malpractice. That moment  and the accrual of the cause of action for legal malpractice  occurred when Breakers learned that the lawsuit against it had been revived, not, as Breakers urges, when it paid damages to the claimant. The court's opinion in Diaz v. Piquette, 496 So.2d 239 (Fla. 3d DCA 1986), review denied, 506 So.2d 1042 (Fla. 1987), upon which Breakers relies, addresses the question of when a cause of action for legal malpractice accrues against an attorney who has lost a case at trial, not the question of when a cause of action for legal malpractice accrues against an attorney who has allegedly improperly failed to consummate the settlement of a case. In the former situation, as Diaz correctly holds, there can be no claim of malpractice until the loss determined at trial is made final on appeal; in the latter and present situation, one need not await the eventual result of the lawsuit that should have been settled to determine that the failure to complete the settlement is malpractice and that damage from that failure, although not then completely ascertainable, is immediate. See *987 City of Miami v. Brooks, 70 So.2d 306 (Fla. 1954).
Reversed and remanded with directions.