546 So.2d 11 (1989)
Barry SEGALL and Edward Segall, Appellants,
v.
DOWNTOWN ASSOCIATES, etc., et al., Appellees.
No. 88-1100.
District Court of Appeal of Florida, Third District.
April 21, 1989.
Arthur J. England, Jr., Fine Jacobson Schwartz Nash Black & England, Miami, Fla., for appellants.
Patricia M. Silver, Mandler & Silver, Miami, for appellees.
This is an appeal from an unsuperseded money judgment. The appellees moved to dismiss the appeal on the claim that the appellants had willfully evaded discovery in aid of execution. A determination of appellees' motion to dismiss was deferred until oral argument on the merits of the appeal set for October 24, 1988, beginning at 9:00 a.m. Following oral argument, we relinquished jurisdiction to the trial court to ascertain appellants' previous compliance with its orders.
In a written order containing findings, the trial court again concluded that the appellants were in defiance of its previous discovery orders. In brief, the trial court, on three separate occasions (June 23, 1988, July 28, 1988, and August 18, 1988), ordered appellants to produce various documents and submit to various discovery procedures in aid of appellees' discovery for execution. Additionally, the trial court, *12 on August 30, 1988, adjudged appellants in contempt of court with the opportunity to purge upon compliance. On September 26, 1988, the trial court reaffirmed its previous adjudication of contempt of appellants and afforded them sufficient time to purge at any time by compliance with the extent discovery orders. An appeal from the contempt order has been voluntarily dismissed.
Following the lodging of the trial court's findings with this court, appellants moved for leave to file a brief in opposition to the motion to dismiss the appeal, which was granted. By subsequent order, their response time was enlarged. We now have the benefit of the appellants' brief in opposition to the appellees' motion to dismiss the appeal, appellees' answer brief, and appellants' reply brief. It appears without doubt that appellants have persistently defied previous trial court orders which allowed them sufficient time and opportunity to purge themselves of contempt. The conduct is clearly more egregious than that which prompted an involuntary dismissal in Davidson v. District Court of Appeal, Fourth District, 501 So.2d 603 (Fla. 1987). There has been some compliance with discovery orders since we relinquished jurisdiction to the trial court. This cannot relieve appellants of their earlier dereliction, but assuming that it does, it nonetheless does not constitute substantial compliance with the earlier orders of the trial court. The stipulation executed October 21, 1988, staying all nonparty discovery in New Jersey until resolution of the merits of the appeal cannot insulate appellants from their personal defiance of the trial court's discovery orders.
We conclude under the holding of Davidson v. District Court of Appeal, Fourth District that dismissal of this case is indeed an appropriate sanction. For this reason, the appellees' motion to dismiss the appeal is granted and the appeal from the circuit court in and for the Eleventh Judicial Circuit, case number 84-46002-CA(16) is hereby dismissed.