590 So.2d 1051 (1991)
PENNSYLVANIA INSURANCE GUARANTY ASSOCIATION, Appellant,
v.
Michael D. SIKES, Esq., and Merritt, Sikes & Craig, P.A., Appellees.
No. 90-2161.
District Court of Appeal of Florida, Third District.
December 17, 1991.
Rehearing Denied January 21, 1992.
*1052 Arthur J. Morburger, Stephen M. Zukoff, Miami, for appellant.
Stephens Lynn Klein & McNicholas and Philip D. Parrish and Robert M. Klein, Miami, for appellees.
Before FERGUSON, JORGENSON and COPE, JJ.
FERGUSON, Judge.
The issue in this case is whether an insurer may maintain a cause of action for legal malpractice against its attorney for an allegedly negligent pleading in an automobile accident case, which was curable except for a judicial error, where the judgment against the insurer is settled while an appeal is pending. We hold that it may not, and affirm the summary judgment for the attorney.
The underlying case involved a wrongful death action where the insurance company hired Michael Sikes to defend its insureds who owned a truck which had been rearended by the deceased. The deceased's estate alleged that the driver of the truck had negligently operated the vehicle and had caused the fatal collision. The defendant's answer, drafted by Sikes, failed to deny the allegations of negligence. Sikes did, however, deny negligence in its affirmative defense of comparative negligence. Discovery proceeded on the issues of both liability and damages. On the day of trial, the plaintiffs moved to proceed solely on the issue of damages contending that the defendant's answer was insufficient to deny liability. Sikes argued that liability had always been contested, had been the subject of extensive discovery, and that the answer was sufficient to support the defense of comparative negligence. After the court rejected Sikes's argument, Sikes moved to amend his answer. His motion was denied and the trial proceeded on the issue of damages only.
The jury returned a $253,000 verdict in favor of the estate. Sikes recommended that the judgment be appealed. Contrary to Sikes's recommendation, Pennsylvania Insurance Guaranty Association (PIGA) settled the case for twenty cents on the dollar before the appeal was perfected. PIGA then filed a legal malpractice claim against Sikes.
In support of a motion for summary judgment, Sikes asserted that the trial court abused its discretion in denying his motion for leave to amend the answer in that no prejudice would have been suffered by the plaintiff. The court agreed with Sikes that the answer he had drafted was adequate to place plaintiff's contributory negligence in issue at the trial. Further, it ruled that Sikes should have been granted leave to amend and that the insurer would have been successful in reversing the judgment on appeal. On that basis, summary judgment was entered for Sikes from which this appeal is brought.
PIGA argues that whether Sikes's actions constituted malpractice and whether that malpractice was the proximate cause of its loss are issues for the trier of fact to determine. We need not reach that issue.
An appeal is not a new action; it is a continuation of the original proceeding. Wilson v. Clark, 414 So.2d 526 (Fla. 1st DCA 1982); Coleman v. State, 215 So.2d 96 (Fla. 4th DCA 1968); 1 Fla.Jur.2d Actions § 35 (1977). A reversal of a trial court's order that denies an attorney the opportunity to cure a nonprejudicial defect and enters a judgment for the opposing side because of the alleged defect, determines, essentially, that there was judicial error rather than legal malpractice. See Richards Enters., Inc. v. Swofford, 495 So.2d 1210 (Fla. 5th DCA 1986) (if appellate court ruled that trial court erred in refusing foreclosure, the attorney would not *1053 have been negligent), cause dismissed, 515 So.2d 231 (Fla. 1987). If the appeal in the personal injury had run its appellate course, in all likelihood, there would have been a reversal of the judgment. See Azemco, Inc. v. Brown, 553 So.2d 1245 (Fla. 3d DCA 1989) (motion to amend the complaint to add a defense, made on the eve of trial, should have been granted where there would have been no surprise or prejudice).
We hold, on the facts of this case, that the settlement of the underlying personal injury case, while the appeal was pending, constituted an abandonment of any claim that PIGA's loss resulted from legal malpractice rather than judicial error. See Diaz v. Piquette, 496 So.2d 239 (Fla.3d DCA 1986) (no claim for attorney malpractice would have existed if the temporary results of attorney's conduct had been reversed on appeal), rev. denied, 506 So.2d 1042 (Fla. 1987). See also Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323, 1324 (Fla. 1990) (in accounting malpractice action, if tax court did not uphold deficiency, there would be no action against accountants for malpractice); Breakers of Ft. Lauderdale, Ltd. v. Cassel, 528 So.2d 985, 986 (Fla. 3d DCA 1988) (no claim for malpractice exists until loss at trial level is made final on appeal).
The summary judgment is affirmed.