596 So.2d 1205 (1992)
Donna GALLOWAY, Appellant,
v.
LAW OFFICES OF MERKLE, BRIGHT AND SULLIVAN, P.A., Appellee.
No. 91-2244.
District Court of Appeal of Florida, Fourth District.
April 8, 1992.
*1206 Robert Garven, Sunrise, for appellant.
Kenneth White of Cooney, Haliczer, Mattson, Lance, Blackburn, Pettis & Richards, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
This appeal arises out of a legal malpractice claim. Appellant's suit claimed that the appellee law firm missed a statute of limitations deadline for filing a medical malpractice suit on behalf of appellant. The law firm moved for summary judgment with an affidavit signed by the attorney from the firm who handled appellant's case stating that the firm did not breach any duty of care in the handling of appellant's claim. Based solely on this affidavit and the failure of appellant to produce an expert's affidavit rebutting appellee's affidavit, the trial court granted summary judgment, relying on the case of Pritchard v. Peppercorn & Peppercorn, Inc., 96 So.2d 769 (Fla. 1957). We reverse.
The disposition of this case is controlled by the seminal case of Holl v. Talcott, 191 So.2d 40 (Fla. 1966), which held that on a motion for summary judgment, the burden to prove the nonexistence of a material fact is on the moving party. Thus, the trial court must look not only to the existence of affidavits but to their contents to determine whether the moving party has met its burden of proof. The Holl case is factually similar to the present case. In Holl, a medical malpractice action, affidavits were filed by expert physicians which, when reduced to their essence, stated that the defendant doctors acted in accordance with accepted standards of practice. The affidavits did not offer any explanation as to what caused the condition of the plaintiff, who was reduced to a vegetative state after treatment had been administered. Therefore, the court held that *1207 such affidavits did not remove all doubt as to the existence of material issues of fact and were insufficient to shift the burden of proof to the plaintiff. See also North Broward Hosp. Dist. v. Royster, 544 So.2d 1131 (Fla. 4th DCA 1989); Brooks v. Serrano, 209 So.2d 279 (Fla. 4th DCA 1968).
Similarly, in this case the affidavit of the attorney who worked on appellant's file merely stated that appellant's file was handled in accordance with the community standard of care, but the affidavit nowhere attempts to explain why this case was not filed within the statute of limitations as alleged in the complaint. Without such explanation, the burden of proof was never shifted to appellant, and Pritchard v. Peppercorn & Peppercorn, Inc. never comes into play. There remains a glaring issue of material fact on the face of this record, where an allegation that the case was not filed within the applicable statute of limitations remains unchallenged.
We also agree with appellant that under the facts of this case a counter affidavit was not necessary where the negligence of the attorney appears on the face of the pleadings and is unrebutted by affidavits to the contrary. Appellant alleged in her complaint that she turned her file over to the appellee who agreed to investigate and prosecute her malpractice claim. Despite the knowledge of the statute of limitations, appellee retained her file until after the statute of limitations had run, after which time appellee advised appellant that it would not be able to pursue her claim. In his affidavit the lawyer handling the file did not controvert these factual allegations. We think the unexplained failure to file within a statute of limitations as described in this complaint is such an apparent breach of a duty of care as to obviate the need for expert testimony from appellant on a motion for summary judgment. Cf. Dykema v. Godfrey, 467 So.2d 824 (Fla. 1st DCA 1985); Suritz v. Kelner, 155 So.2d 831 (Fla. 3d DCA 1963), cert. denied, 165 So.2d 178 (Fla. 1964).
For the foregoing reasons, we reverse and remand for further proceedings.
DOWNEY and WARNER, JJ., and OWEN, William C., Jr., Senior Judge, concur.