632 So.2d 76 (1993)
Barry SEGALL, et al., Appellants,
v.
Norman S. SEGALL, et al., Appellees.
No. 92-2825.
District Court of Appeal of Florida, Third District.
October 26, 1993.
Rehearing Denied March 15, 1994.
*77 Lawrence H. Rogovin, North Miami Beach, for appellants.
O'Connor & Lemos and Wayne K. Richardson, Miami, for appellees.
Before NESBITT, JORGENSON and COPE, JJ.
JORGENSON, Judge.
Barry Segall and Edward Segall appeal from a final summary judgment entered against them in their action for legal malpractice against Norman Segall and Stuart Gold. We affirm.
Norman Segall and Stuart Gold represented the appellants in a lawsuit filed against Downtown Associates, Ltd. A jury returned a verdict against the appellants. The appellants then retained another law firm to represent them in the appeal. This court, however, dismissed the appeal for failure to comply with discovery orders. Segall v. Downtown Assocs., 546 So.2d 11 (Fla. 3d DCA 1989). After the dismissal, the appellants instituted a legal malpractice action against Segall and Gold claiming that as a result of the malpractice the jury returned a verdict against them.[1] Segall and Gold filed a motion for summary judgment claiming that the appellants had abandoned their claim for legal malpractice because they had failed to obtain a final appellate decision on the merits. The trial court entered final summary judgment in favor of Segall and Gold.[2]
Under Florida law, "a cause of action for legal malpractice does not accrue until the underlying legal proceeding has been completed on appellate review because, until that time, one cannot determine if there was any actionable error by the attorney." Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323, 1325 (Fla. 1990) (citations omitted); see also Zitrin v. Glaser, 621 So.2d 748, 749 (Fla. 4th DCA 1993) (in cases such as Peat, Marwick that involve "litigational malpractice," *78 or errors committed in course of litigation, existence of redressable harm not determined until appeal complete); Haghayegh v. Clark, 520 So.2d 58 (Fla. 3d DCA 1988) (statute of limitations for attorney malpractice begins to run when amount of damages ascertained; where trial court decision is appealed, claim for malpractice arises upon affirmance).
Where a party's loss results from judicial error occasioned by the attorney's curable, nonprejudicial mistake in the conduct of the litigation, and the error would most likely have been corrected on appeal, the cause of action for legal malpractice is abandoned if a final appellate decision is not obtained. Pennsylvania Ins. Guar. Ass'n v. Sikes, 590 So.2d 1051 (Fla. 3d DCA 1991). In Sikes an insurer's attorney drafted an answer which failed to deny allegations of negligence. The attorney did deny negligence in the insurer's pleading of the affirmative defense of comparative negligence. The plaintiffs moved to proceed only on the issue of damages on the basis that the answer was insufficient to deny liability. The trial court denied the attorney's motion to amend his answer even though liability had always been a hotly contested issue. The trial proceeded solely on the issue of damages, and the jury returned a verdict against the insurer. The attorney for the insurer recommended that his client appeal the final judgment. Before the appeal was perfected, the insurer settled the case. The insurer then filed a legal malpractice suit against the attorney. This court held that the insurer abandoned its legal malpractice suit when it settled the underlying personal injury suit while the appeal was pending, because "[i]f the appeal in the personal injury [case] had run its appellate course, in all likelihood, there would have been a reversal of the judgment." Sikes, 590 So.2d at 1053.
In this case, the plaintiffs in the malpractice action frustrated the appeal in the underlying litigation and caused their appeal to be dismissed by willfully evading discovery in aid of execution, and by defying "previous trial court orders which allowed them sufficient time and opportunity to purge themselves of contempt." Segall, 546 So.2d at 12. By engaging in conduct that led to the dismissal of their appeal, the plaintiffs foreclosed any determination that judicial error rather than attorney malpractice caused their loss in the underlying litigation, and waived their claim for malpractice.
Our cases should not be read to require every party who suffers a loss and attributes that loss to legal malpractice to obtain a final appellate determination of the underlying case before asserting a claim for legal malpractice. The test for determining when a cause of action for attorney malpractice arises remains when "the existence of redressable harm has been established." Diaz v. Piquette, 496 So.2d 239, 240 (Fla. 3d DCA 1986), rev. denied, 506 So.2d 1042 (Fla. 1987). In some cases, redressable harm caused by errors in the course of litigation can only be determined upon completion of the appellate process. See Sikes, 590 So.2d at 1053. In other cases, the failure to obtain appellate review should not bar an action for malpractice. See, e.g., Zitrin, 621 So.2d 748 (where attorney failed to include requested provisions in employment contract, malpractice plaintiff not required to confirm attorney's error on appeal); Breakers of Fort Lauderdale, Ltd. v. Cassel, 528 So.2d 985 (Fla. 3d DCA 1988) (when attorney improperly failed to consummate settlement of lawsuit, cause of action for legal malpractice accrued when client learned that lawsuit was revived). We are unable to establish a bright-line rule that complete appellate review of the underlying litigation is a condition precedent to every legal malpractice action. To do so would, in many cases, violate the tenet that the law will not require the performance of useless acts.
In this case, the malpractice plaintiffs waived their claim by frustrating their appeal in the underlying action. The trial court, therefore, correctly entered the final order of summary judgment.
AFFIRMED.
NOTES
[1] The appellants also filed a legal malpractice action against Fine Jacobson Schwartz Nash Block & England, P.A., which represented the appellants in the appeal. This court recently reversed a summary judgment entered in favor of Fine Jacobson. Segall v. Fine Jacobson Schwartz Nash Block & England, P.A., 613 So.2d 516 (Fla. 3d DCA 1993).
[2] In their motion for summary judgment Segall and Gold also argued that the appellants were prohibited from maintaining the malpractice suit as they had assigned their rights to Lawrence H. Rogovin, P.A. The trial court's order only cited authorities supporting the abandonment theory. We affirm on the basis of abandonment, and do not address the assignment theory.