647 So.2d 968 (1994)
Richard E. COBLE, as Trustee, Appellant,
v.
Mark I. ARONSON, Brian Belt, et al., Appellees.
No. 93-2980.
District Court of Appeal of Florida, Fourth District.
December 7, 1994.
Rehearing and Rehearing Denied January 24, 1995.
*969 Joseph A. Hubert and Harry G. Carratt of Morgan, Carratt and O'Connor, P.A., Fort Lauderdale, for appellant.
Phillip D. Parrish and Robert M. Klein of Stephens, Lynn, Klein, & McNicholas, P.A., Miami, for appellees-Fine Jacobson, Schwartz, Nash Block & England, P.A., n/k/a Fine, Jacobson Schwartz Nash & Block, P.A., Stuart K. Hoffman and Charles E. Muller, II.
No briefs filed, for appellees-Mark I. Arsonson and Brian Belt.
Rehearing and Rehearing En Banc Denied January 24, 1995.
STEVENSON, Judge.
In this appeal we must decide whether the plaintiff in a legal malpractice suit "abandoned" his cause of action when he settled a related lawsuit against a third party. Because a favorable outcome of the related lawsuit would not have eliminated every reasonable possibility of redressable harm resulting from the alleged malpractice, we answer the question in the negative. We therefore conclude that the trial court erred in granting summary judgment for the defendants below.
The facts can be briefly stated. Richard Coble, the appellant and plaintiff below, contracted to sell four mobile home parks to American Parks. The appellees and defendants below, the law firm of Fine, Jacobson, Schwartz, Nash, Block & England, PA. and individual members Stuart K. Hoffman and Charles E. Muller, II (hereinafter collectively called "Fine, Jacobson") represented Coble in the transaction. In the Amended Complaint, Coble alleges that the appellees failed "to take reasonable care in the completion of the sale and closing" and breached their duty to him "by failing to prepare the Notes which were part of the Sales Agreement, expressing the true intention of the Plaintiff." Apparently, Fine, Jacobson prepared the notes but did not draft the sales agreement which provided that American Parks would receive a certain credit against principal. Coble *970 claims that one credit of $2,500 per month was intended by the sales agreement. He argues that Fine, Jacobson negligently prepared the notes for the closing so that American Parks would receive $10,000 credit per month instead of just $2,500 per month. When Coble learned of the alleged mistake, he sued American Parks for reformation, while American Parks filed a counterclaim for fraud and unjust enrichment. Meanwhile, Coble filed this action against Fine, Jacobson for legal malpractice due to the alleged mistake made in preparing the notes and setting the credit amount.
In Coble's initial action against American Parks, the trial court directed a verdict against Coble finding as a matter of law that the mistake was unilateral on Coble's part. In addition, the jury returned a verdict for Coble on American Parks' claim for fraud and unjust enrichment. On appeal of that case, this court held that (1) the trial court erred in finding that the mistake was unilateral as a matter of law because there was evidence in the record that could have supported a finding of a mutual mistake and (2) the buyers were entitled to a new trial on their counter claim for fraud and unjust enrichment because of improper and misleading jury instructions. Coble v. American Parks, 576 So.2d 422 (Fla. 4th DCA 1991). The entire case was reversed and remanded to the trial court for a new trial on all of the issues. After the case was reversed on appeal, Coble and American Parks reached a settlement. The trial court in the case sub judice thereafter granted final summary judgment in favor of Fine, Jacobson on the basis that Coble could no longer maintain his action for legal malpractice because he settled his case against American Parks.
The test for determining when a cause of action for attorney malpractice has accrued is whether the existence of redressable harm has been established. Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323 (Fla. 1990). Occasionally, where the allegations involve attorney errors during litigation, redressable harm can only be determined upon completion of the appellate process, and therefore, the settlement of the underlying litigation will defeat any potential cause of action for attorney malpractice. See Pennsylvania Ins. Guar. Ass'n v. Sikes, 590 So.2d 1051, 1053 (Fla. 3d DCA 1991) (no claim for attorney malpractice exists for alleged error occurring in the course of litigation where the plaintiff settles the underlying litigation and where, "[i]f the appeal in the [underlying action] had run its appellate course, in all likelihood, there would have been a reversal of the judgment."); Diaz v. Piquette, 496 So.2d 239, 240 (Fla. 3d DCA 1986) (no cause of action arises for malpractice allegedly resulting in the loss of plaintiff's case at trial until the adverse judgment is affirmed on appeal because the "the temporary results of the attorney's conduct" could be reversed if there is an appeal) 506 So.2d 1042 (Fla. 1987); Segall v. Segall, 632 So.2d 76 (Fla. 3d DCA 1993) (where plaintiffs' allege that because of attorney malpractice jury returned a verdict against them at trial, any cause of action against attorney for malpractice is considered abandoned where there is a settlement and no appeal of the adverse underlying litigation). See also Peat, 565 So.2d at 1323 (in action against accountant for malpractice in preparing federal income tax returns, there is no redressable harm until the United States Tax Court enters a final judgment against the taxpayer).
In the cases just discussed, redressable harm caused by errors within active litigation could not be determined where the allegedly aggrieved party settled the underlying litigation or in another way did not complete the appellate process. As this court stated in Zitrin, M.D., P.A. v. Glaser, 621 So.2d 748, 749 (Fla. 4th DCA 1993), those cases "involve `litigational malpractice,' or errors committed in the course of litigation that might be changed on appeal. In those cases the existence of negligence is not determined until the appeal is complete." In other words, if a favorable outcome on appeal could eliminate any reasonable possibility of loss because of alleged malpractice occurring during the course of litigation, redressable harm cannot be established if the case is settled and there is no appeal.
On the other hand, the settlement of underlying or related litigation and the consequent *971 failure to complete appellate review thereof does not bar a claim for attorney malpractice where the existence of redressable harm does not depend on the outcome of the litigation. See Zitrin, 621 So.2d at 748 (where attorney failed to include requested provisions in employment contract, malpractice plaintiff not required to confirm attorney's error on appeal); Keramati v. Schackow, 553 So.2d 741 (Fla. 5th DCA 1989) (attorney malpractice action existed where the plaintiff claimed that lawsuit was settled for far less than the case was worth due to negligent advice of counsel); Bill Branch Chevrolet, Inc. v. Burnett, P.A., 555 So.2d 455 (Fla. 2d DCA 1990) (cause of action existed for attorney malpractice where plaintiff claimed that law firm inadequately investigated lawsuit for trial and, consequently, plaintiff was forced to settle the case).
Coble's lawsuit against American Parks is more accurately termed "related" rather than "underlying" litigation in the context of his suit against Fine, Jacobson. In the present case there are no allegations of attorney errors which occurred during litigation. Coble's lawsuit against American Parks was spawned subsequent to, and as a result of, the allegedly substandard legal services. We hold that neither Coble's settlement of the lawsuit with American Parks nor his failure to re-try the litigation bars this malpractice claim.
Fine, Jacobson claims that if Coble had pursued his litigation against American Parks and if it had been determined at trial that there was a mutual mistake between Coble and American Parks, then Coble would not have suffered "redressable harm." On the other hand, Coble asserts that even if he had been successful in his litigation with American Parks, he still would not have been made whole from all losses caused by the alleged negligence of Fine, Jacobson. In support of his claims, Coble argues he still would have incurred substantial fees and costs in his action against American Parks, all because of the negligence of Fine, Jacobson.
While we do not decide the merits of this case, we are persuaded that Coble has made out a viable claim for attorney malpractice which is not defeated solely by his settlement with American Parks. The notes were drawn up by Fine, Jacobson on behalf of Coble and Coble claims that his intentions were made perfectly clear to Fine, Jacobson. Even in view of Coble's settlement with American Parks, the negligent preparation of those notes by Fine, Jacobson could potentially be the legal cause of redressable harm or financial loss to Coble, especially in the nature of costs and attorney's fees. Proximate cause and resulting damages then become a matter of law.
Of course, Coble's task of proving the extent of his damages under the scenario of this case may not be an easy one. In view of the settlement with American Parks, Coble's requirement of proving definite, and not merely speculative, financial harm, becomes considerably more difficult. Nevertheless, we find that the trial court erred in entering summary judgment for the defendants on the record which was before it.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
STONE and POLEN, JJ., concur.