702 So.2d 610 (1997)
Edward LENAHAN, Appellant,
v.
RUSSELL L. FORKEY, P.A., Appellee.
No. 96-1474.
District Court of Appeal of Florida, Fourth District.
December 17, 1997.
William C. Purcell of William C. Purcell, P.A., Fort Lauderdale, for appellant.
Susan Y. Slaton of Peterson, Bernard, Vandenberg, Zei, Geisler & Martin, Fort Lauderdale, for appellee.
PARIENTE, Judge.
The issue on appeal is whether, based on the client's dismissal of a related lawsuit, summary judgment was properly granted in this legal malpractice claim. We conclude that justiciable issues of fact remain that are not conclusively refuted by the current record.
Appellant, Edward Lenahan (client), alleged that he hired appellee, Russell L. Forkey, P.A. (Forkey), to represent him in *611 connection with a claim arising from a real estate transaction in Virginia. The client claimed that he advised Forkey, a Florida lawyer, that he was seeking an ownership interest in land in Virginia. He alleged that Forkey negligently handled the matter by filing only a verified complaint for money damages in Florida and by misleading him concerning the Florida lawsuit. Subsequently, the client discharged Forkey. After Forkey's discharge, Virginia counsel filed a lawsuit in Virginia for an interest in land based on the same real estate transaction. However, the Virginia lawsuit was not litigated to conclusion, but was voluntarily dismissed by stipulation.
The effect of the voluntary dismissal was the subject of the motion for summary judgment. Forkey claimed that due to the voluntary dismissal of the Virginia lawsuit, which occurred after his discharge, the client is unable, as a matter of law, to establish redressable harm. The client countered by asserting that it was because of Forkey's negligence that he could not prevail in the Virginia lawsuit, and that this was the reason for the voluntary dismissal of the Virginia case. The client's position was buttressed by an affidavit filed by a Virginia attorney asserting that, but for the prior existence of the Florida lawsuit, the client could have recovered an interest in the Virginia property.
The plaintiff in a legal malpractice action must prove: (1) the employment of the attorney; (2) the lawyer's neglect of a reasonable duty; and (3) that the attorney's negligence was the proximate cause of loss to the client. See Brennan v. Ruffner, 640 So.2d 143, 145 (Fla. 4th DCA 1994); Anderson v. Steven R. Andrews, P.A., 692 So.2d 237, 240 (Fla. 1st DCA 1997); Bolves v. Hullinger, 629 So.2d 198, 200 (Fla. 5th DCA 1993). The loss must not be merely speculative. See Coble v. Aronson, 647 So.2d 968, 971 (Fla. 4th DCA 1994), review denied sub nom. Fine, Jacobson, Schwartz, Nash, Block & England, P.A. v. Coble, 659 So.2d 1086 (Fla.1995).
The concept of redressable harm relates to the third element of a legal malpractice actionthe element of damages. See id. at 970. Forkey relies on Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323 (Fla. 1990), for his assertion that the dismissal of the Virginia lawsuit precludes the client from ever establishing redressable harm because he did not litigate that case to conclusion.
Peat, Marwick focuses on when the cause of action in a legal malpractice action accrues for purposes of the statute of limitations. "Generally, a cause of action for negligence does not accrue until the existence of a redressable harm or injury has been established and the injured party knows or should know of either the injury or the negligent act." Id. at 1325. In this context, Peat, Marwick cites to appellate decisions holding that "a cause of action for legal malpractice does not accrue until the underlying legal proceeding has been completed on appellate review because, until that time, one cannot determine if there was any actionable error by the attorney." Id.; see also Throneburg v. Boose, Casey, Ciklin, Lubitz, Martens, McBane & O'Connell, P.A., 659 So.2d 1134, 1136 (Fla. 4th DCA 1995).
The rationale of Peat, Marwick makes sense for purposes of the statute of limitations because clients should not be encouraged to sue their lawyers precipitously for alleged errors, if the error could be remedied either by an appeal or the outcome of other proceedings. See, e.g., Spivey v. Trader, 620 So.2d 212 (Fla. 4th DCA 1993); Diaz v. Piquette, 496 So.2d 239 (Fla. 3d DCA 1986). The principle of Peat, Marwick does not mean that in every case involving attorney malpractice, the dismissal or settlement of a related case, or the failure to take an appeal of the underlying lawsuit, will automatically translate into an inability to establish redressable harm.
The circumstances in which a client's subsequent actions constitute an abandonment of a legal malpractice claim, as a matter of law, are very narrow. See Segall v. Segall, 632 So.2d 76 (Fla. 3d DCA 1993); Pennsylvania Ins. Guar. Ass'n v. Sikes, 590 So.2d 1051, 1053 (Fla. 3d DCA 1991). For example, in Sikes it was determined, as a matter of law, that the client's loss resulted from judicial error occasioned by the attorney's curable, nonprejudicial mistake that "in all likelihood" *612 would have been corrected on appeal. 590 So.2d at 1053. Thus, the failure to pursue the appeal was held to constitute abandonment as a matter of law. Id.
In declining to adopt a bright-line rule, the third district cautioned that:
Our cases should not be read to require every party who suffers a loss and attributes that loss to legal malpractice to obtain a final appellate determination of the underlying case before asserting a claim for legal malpractice. The test for determining when a cause of action for attorney malpractice remains when `the existence of redressable harm has been established.' In some cases, redressable harm caused by errors in the course of litigation can only be determined upon completion of the appellate process. In other cases, the failure to obtain appellate review should not bar an action for malpractice.
Segall, 632 So.2d at 78 (citations omitted).
Forkey argues that, because the Virginia lawsuit was dismissed, the client will never be able to establish that he suffered redressable harm or actual damage. The corollary to this argument is that, if the client had continued to prosecute the Virginia action, he would have had a reasonable possibility of prevailing, thereby eliminating any damages the client may have suffered as a result of Forkey's alleged negligent handling of the matter.
At this juncture, we must conclude that, as a matter of law, the circumstances of this case do not constitute abandonment and that the dismissal of the Virginia lawsuit did not preclude the client from being able to establish redressable harm. See Coble; see also Bill Branch Chevrolet, Inc. v. Philip L. Burnett, P.A., 555 So.2d 455 (Fla. 2d DCA 1990); Keramati v. Schackow, 553 So.2d 741 (Fla. 5th DCA 1989). In this case, the allegation, which is supported by an affidavit, is that the Virginia lawsuit was dismissed as a direct result of Forkey's negligence in handling the matter. The record contains no contrary affidavit.
While neither party has explained why the cause of action in Virginia seeking an interest in land would have been barred as a result of Forkey's actions in filing a verified complaint in Florida for money damages only, the burden at this stage in the proceedings is on Forkey, as the moving party, to establish the absence of justiciable issues of fact and his entitlement to summary judgment. See Galloway v. Law Offices of Merkle, Bright & Sullivan, P.A., 596 So.2d 1205 (Fla. 4th DCA 1992). While Forkey may be able to show that his representation of the client did not preclude the client from prevailing in the Virginia lawsuit, he has not done so at this time.
It will be the client's burden to establish that he suffered a loss of a viable claim as a result of Forkey's actions or inactions. See Bill Branch, 555 So.2d at 456. Under the scenario of this case, this will necessarily involve establishing that, but for Forkey's actions, the client probably would have been able to recover an interest in the Virginia property or the equivalent in money damages. See Weekley v. Knight, 116 Fla. 721, 156 So. 625 (1934); Bolves; Keramati; Freeman v. Rubin, 318 So.2d 540 (Fla. 3d DCA 1975).
If the client cannot establish that Forkey's actions prevented him from being able to obtain an interest in the land, then he will not be able to establish damages proximately caused by Forkey's alleged negligence. If Forkey's actions did not foreclose the Virginia lawsuit, then the voluntary dismissal of the Virginia lawsuit may very well constitute an intervening superseding cause of his loss. However, we are at the summary judgment stage, and because Forkey has not conclusively established the absence of a justiciable issue of fact as to the element of redressable harm, the summary judgment must be reversed.
REVERSED.
STONE, C.J., and WARNER, J., concur.