715 So.2d 1047 (1998)
William PARKER and Taino Farms, Ltd., Appellants,
v.
GRAHAM & JAMES, n/k/a Graham & James, L.L.P., Conception, Sexton & Stiphany, n/k/a Conception, Sexton & Urdaneta, Francis X. Sexton, Jr. and Francis X. Sexton, Jr., P.A.., Appellees.
No. 98-697.
District Court of Appeal of Florida, Third District.
July 29, 1998.
Rehearing Denied September 2, 1998.
Stewart Tilghman Fox & Bianchi and Jim Tilghman; Tilghman & Vieth, Miami, for appellants.
Burd Downs & Magathan and Joseph Downs; Silverio & Hall, Miami; Holland & Knight and J. Michael Cavanaugh, Dania, for appellees.
Before GODERICH, SHEVIN and SORONDO, JJ.
SHEVIN, Judge.
William Parker and Taino Farms, Ltd. ["plaintiffs"], appeal the dismissal of their second amended complaint in their legal malpractice suit against Graham & James, their former attorneys. We reverse.
Plaintiffs hired Graham & James to represent them on a contingency basis in a federal lawsuit for recovery of damages caused by crop loss. See Overseas Private Inv. Corp. v. Metropolitan Dade County, 47 F.3d 1111 (11th Cir.1995). Plaintiffs sought damages *1048 on three alternative theories: breach of contract, negligence, and strict liability. The verdict form required the jury to assign damages under each of the three theories. The jury returned a verdict for plaintiffs on each claim: $50,000 for breach of contract, $50,000 for negligence, and $6,800,000 on strict liability. Because of these discrepancies, the trial court believed that the contract and negligence awards were duplicative, and on post trial motions entered judgment solely on the strict liability claim. On appeal, the United States Court of Appeals for the Eleventh Circuit reversed and remanded for a new trial on damages because of the discrepancies in the original jury award. Overseas Private Inv. Plaintiffs discharged Graham & James, retained new counsel, and prior to the new trial on damages settled their claim for $4,000,000.
After the settlement, plaintiffs sued Graham & James in Dade County Circuit Court alleging that the lawyers committed legal malpractice by (1) failing to submit a general verdict form which requested a single damage verdict as to all three legal theories; and (2) failing to properly move for an award of prejudgment interest. Graham & James moved to dismiss the complaint arguing that plaintiffs had abandoned their legal malpractice claim by settling their claim with Dade County. The trial court agreed and dismissed the complaint with prejudice. Plaintiffs appeal.
The trial court erred in dismissing the complaint and in relying on Graham & James' abandonment theory. Under that theory, "a cause of action for legal malpractice is abandoned if a final appellate decision is not obtained." Segall v. Segall, 632 So.2d 76, 78 (Fla. 3d DCA 1993). Thus, a party may be required to pursue an appeal rather than accept a settlement based on the premise that "[a] reversal of a trial court's order that denies an attorney the opportunity to cure a nonprejudicial defect and enters a judgment for the opposing side because of the alleged defect, determines, essentially that there was judicial error rather than legal malpractice." Pennsylvania Ins. Guar. Ass'n v. Sikes, 590 So.2d 1051, 1052 (Fla. 3d DCA 1991). In this case, unlike Sikes and Segall, the settlement did not thwart any review process which could have cured the malpractice. Here, appellate review was complete upon issuance of the Eleventh Circuit opinion finding that the unclear and confusing jury instructions and verdict forms resulted in a confusing damages award. Overseas Private Inv., 47 F.3d at 1116. The Eleventh Circuit did not hold, as stated in Sikes, that "judicial error rather than legal malpractice" had occurred. After issuance of the Overseas Private Investment opinion, anything further that plaintiffs could have done would only have served to mitigate their damages. See e.g. Lenahan v. Russell L. Forkey, P.A., 702 So.2d 610 (Fla. 4th DCA 1997); Bill Branch Chevrolet, Inc. v. Philip L. Burnett, P.A., 555 So.2d 455 (Fla. 2d DCA 1990); Keramati v. Schackow, 553 So.2d 741 (Fla. 5th DCA 1989). Therefore, abandonment did not occur and dismissal on this basis was improper: "as a matter of law ... settlement of this case [does not] negate any alleged legal malpractice as a proximate cause of loss. This is a matter of proof for trial." Bill Branch Chevrolet, Inc., 555 So.2d at 456. Accordingly, we reverse and remand the cause for further proceedings.
Reversed and remanded.