COPE, J.
Darrell Gwynn appeals a summary judgment entered in favor of appellees Daly Agency, Inc. and Haggerty & Sons Insurance Agency, Inc. (collectively “the insurance agencies”) on his claim of negligent procurement of insurance. We reverse.[1]
In 1989 plaintiffs father, Edward Gwynn, contacted Daly, an independent insurance agency, to obtain workers’ compensation insurance for his company, Gwynn Enterprises, Inc. Gwynn Enterprises’ business activities included automobile racing.
The application for coverage asked whether the officers of the corporation were to be exempt from workers’ compensation coverage. Edward Gwynn checked “no” in answer to the question because he desired coverage for the officers, including plaintiff Darrell Gwynn.
Daly, a Minnesota agency, was not licensed to write policies in Florida. It submitted Gwynn’s application to appellee Haggerty, a Florida agency, for placement.
Without consulting anyone at Gwynn Enterprises, Haggerty changed the answer to the question whether officers were to be exempt from coverage from “no” to “yes.” Haggerty says Daly told them to make this change. Daly denies it.
In any event, when Haggerty submitted the application to the assigned risk pool at the National Council on Compensation In *22 surance (NCCI), it reflected that Gwynn Enterprises was not seeking coverage for its officers. NCCI randomly assigned the policy to Travelers Insurance Company and in March 1989 Travelers sent an insurance binder to Haggerty. The binder indicated that an officer exemption form was attached. Neither Daly nor Haggerty took steps to include officer coverage, nor did they discuss the issue with Gwynn Enterprises. Gwynn Enterprises believed it had officer coverage.
The Travelers insurance policy did not have language expressly excluding officer coverage. Travelers needed certain documents from the State in order to add such an exclusion, which it received in March 1990. Haggerty requested that an endorsement excluding officer coverage be issued retroactive to February 22, 1990, the policy renewal date. On April 25, Travelers issued the endorsement as requested.
In the meantime, on April 15,1990 plaintiff Darrell Gwynn was involved in a serious accident in London, England, while driving Gwynn Enterprises’ race car. He lost his left arm below the elbow and became paralyzed from the chest down.
After the accident, plaintiff filed a workers’ compensation claim against Travelers. Travelers denied plaintiffs claim on the basis that the policy did not cover officers of Gwynn Enterprises. A workers’ compensation judge ruled that there was coverage for plaintiffs claim, and Travelers appealed.
While the appeal was pending, plaintiff settled with Travelers for $1.8 million, substantially less than the Travelers’ policy limit.[2] The settlement stipulation reserved plaintiffs rights to pursue the remaining value of his claim from any “other responsible party other than the employer and the carrier.” The workers’ compensation court approved the settlement, finding that a justiciable controversy over coverage existed between plaintiff and Travelers.
Plaintiff then filed this action against the insurance agencies for their negligence in failing to obtain workers’ compensation coverage for the officers of the corporation. The insurance agencies moved for summary judgment. They argued that the workers’ compensation judge had ruled there was coverage under the Travelers’ policy, and that it was legally impermissible for plaintiff to settle the coverage case while the appeal was pending. The insurance agencies contended that under principles of collateral estoppel, plaintiff is bound by the workers’ compensation judge’s determination of coverage. The trial court granted insurance agencies’ motion, and plaintiff has appealed.
Thé summary judgment should not have been granted. The insurance agencies were not entitled to invoke collateral estoppel based on the worker’s compensation proceeding because they were not parties to that action, nor were they privies of the parties to that proceeding. See E.C. v. Katz, 731 So.2d 1268, 1269 (Fla.1999); Sentry v. FCCI Mut. Life Ins. Co., 745 So.2d 349, 350 (Fla. 4th DCA 1999); Progressive American Ins. Co. v. McKinnie, 513 So.2d 748, 749 (Fla. 4th DCA 1987).
The insurance agencies contend that plaintiff should be estopped from arguing that there was no coverage under the Travelers’ policy because he was successful in obtaining an order from the workers’ compensation judge in his favor on the issue of coverage, and he was paid $1.8 million by Travelers. The insurance agencies argue that plaintiff cannot now be allowed to change position. See Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337, 1338 (Fla. 3d DCA 1979).
There is no impermissible change of position here. Gwynn Enterprises’ insurance application requested coverage for its officers. But for the actions of one or both of the defendant insurance agencies, the coverage would have been in place and there *23 would have been no coverage issue at the time of plaintiffs accident. While plaintiff obtained an initial favorable ruling by the workers’ compensation judge, it is plain that there was a substantial question about who would prevail on appeal. Neither side was confident of victory, and both sides found it in their interest to compromise the disputed coverage issue. This was certainly an acceptable course of action for a catastrophically injured plaintiff who chose to accept a compromise figure instead of running the risk of zero compensation in the event the appellate ruling had been one of no coverage.
The circumstances present here do not amount to what this court has condemned as “gotcha” litigation tactics. See id. at 1339, or an'impermissible taking of inconsistent positions. See Bernard Berman, P.A. v. P. Gary Stern, M.D., P.A., 731 So.2d 148, 149 (Fla. 4th DCA 1999); Keramati v. Schackow, 553 So.2d 741, 745 (Fla. 5th DCA 1989). One or both of the defendant insurance agencies created the coverage problem, and they will not now be heard to complain about the plaintiffs resolution of the insurance coverage dispute.
The insurance agencies also argue that the plaintiff had a legal duty to go through with the appeal and not settle it. We disagree. Where there has been a claim of legal malpractice in litigation, this court has taken the position that “the settlement of the underlying personal injury case, while the appeal was pending, constituted an abandonment of any claim that the [client’s] loss resulted from legal malpractice rather than judicial error.” Pennsylvania Ins. Guar. Ass’n v. Sikes, 590 So.2d 1051, 1053 (Fla. 3d DCA 1991) (citations omitted). In Sikes the client had suffered an adverse $253,000 verdict which likely would have been reversed had there been an appeal. See id. at 1052-53.
The present case was not one for litigation malpractice. As already stated, while plaintiff had received an initial favorable ruling on coverage from the workers’ compensation judge, the outcome on appeal was in doubt. One or both of the defendants had, by their actions, created a coverage issue where none should have existed. It was plaintiffs prerogative to elect to compromise the disputed coverage issue, rather than risk an all-or-nothing ruling in the appellate court.
The summary judgment is reversed and the case is remanded to proceed to the merits of plaintiffs claims.
Reversed and remanded.

. For present purposes, we view the summary judgment record in the light most favorable to Darrell Gwynn as the nonmoving party.

. The settlement documents value plaintiff’s claim as being in excess of $5 million.