DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AVIATION PERFORMANCE SOLUTIONS, LLC,**
Appellant,

v.

**HINSHAW & CULBERTSON, LLP,** a foreign limited liability company,
and **TIMOTHY I. MCCULLOCH,**
Appellees.

No. 4D2024-0504

[July 23, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; G. Joseph Curley Jr., Judge; L.T. Case No. 502022CA003523.

William G. Wolk of Eaton & Wolk, PL, Miami, for appellant.

Elizabeth A. Izquierdo and D. David Keller of Akerman LLP, Fort Lauderdale, for appellee Hinshaw & Culbertson, LLP.

WARNER, J.

Aviation Performance Solutions, LLC, appeals a final summary judgment in favor of its former lawyers, Hinshaw & Culbertson, LLP, (Hinshaw), Timothy McCulloch, and Dickinson Wright PLLC, on its complaint for legal malpractice. The trial court ruled that appellant had abandoned any malpractice action, because appellant had settled the underlying action where the alleged malpractice occurred and had dismissed an appeal of a fee judgment against it resulting from the attorney's malpractice. We reverse, because the record does not show that pursuing the claims would have cured the malpractice or that all of appellant's damages would have been cured through further judicial proceedings.

## Background

The underlying dispute in this proceeding arose from the sale of an aircraft to appellant by Global Aviation Management, Inc., whose principal was Douglas G. Matthews. The purchase agreement contained a

mandatory arbitration clause and a Florida choice of law provision. One section of the agreement provided that each party would bear its own expenses in connection with arbitration. Another section provided that the prevailing party in a suit to enforce the agreement shall be entitled to attorney's fees.

Global filed a demand for arbitration, seeking $150,000. Appellant then hired McCulloch and Hinshaw to represent it in the arbitration. McCulloch was not admitted to the Florida Bar and did not file an application for pro hac vice admission to represent appellant in the arbitration. On behalf of appellant, McCulloch filed an answer and counterclaim against Global, alleging Global had breached the purchase agreement because several of the aircraft's components were not airworthy. The counterclaim did not name Matthews, nor did it assert claims to pierce the corporate veil or allege alter ego liability. Still, McCulloch claimed that Matthews could and should be held individually liable. Global's counsel objected, arguing that Matthews was not named in the counterclaim and therefore was not a party.

Arbitration commenced, during which time McCulloch left appellee Hinshaw and moved to Dickinson Wright. After McCulloch's move, the arbitrator entered an award in appellant's favor and against both Global and Matthews in the amount of $156,434.39, plus over $80,000 in attorneys' fees and costs.

Global and Matthews filed a complaint to vacate the arbitration award in circuit court. McCulloch and Dickinson Wright represented appellant in that action. Global and Matthews asserted: (1) because appellant's attorney, McCulloch, was not licensed to practice law in Florida and did not seek pro hac vice admission, a fee award to appellant violated public policy; (2) Matthews was not a party to the arbitration, rendering any award against him void; and (3) the purchase agreement provided for prevailing party fees only in litigation, not arbitration.

During the circuit court action, Matthews served a proposal for settlement, offering to pay appellant $1,000 if it agreed to vacate the arbitration award and drop its claims against Matthews individually. McCulloch advised appellant to reject the proposal for settlement, because "it was next to impossible to vacate an arbitration in the State of Florida." Thus, appellant did not accept the proposal for settlement.

Global and Matthews subsequently moved for summary judgment. The circuit court granted the motion, vacating the arbitration award in its entirety as to Matthews. The court found that the arbitrator exceeded his

2

jurisdiction and authority, because Matthews was never a party to the arbitration proceedings and was not afforded proper notice. As to Global, the trial court vacated only the award of attorneys' fees to appellant, on the ground that it was "improper to award attorneys' fees to someone not authorized to practice law in Florida."

Subsequently, a successor circuit court vacated the remaining arbitration award against Global and ordered a new arbitration hearing before a new arbitrator, stating: "There is no way to know what result a proper arbitration would have reached when the underlying reasoning is flawed in law and fact. The arbitrator failed [to] follow Florida law, contract law and the Florida Bar rules in the handling of this matter." Final judgment was entered, and appellant appealed.

We affirmed the final summary judgment in 2020. *Aviation Performance Solutions, L.L.C. v. Matthews*, 298 So. 3d 619 (Fla. 4th DCA 2020). We also awarded attorney's fees to Matthews, conditioned on the trial court determining he was entitled to fees based on section 682.15, Florida Statutes (2019).

At a subsequent hearing, the trial court determined that Matthews was entitled to fees for the appeal as well as fees in the circuit court action pursuant to section 682.15 as well as his offer of settlement. The court assessed $421,505.84 in attorney's fees and costs, plus $42,132.64 in pre-judgment interest. Appellant timely appealed the fee award.

In the new arbitration proceeding appellant replaced McCulloch and Dickinson Wright with a new law firm, Clarke Silverglate, P.A. Appellant then filed an amended statement of counterclaim with the American Arbitration Association, seeking the new arbitration hearing that the circuit court had ordered. Appellant sought damages against both Global and Matthews in excess of $300,000, plus attorney's fees, interest, and arbitration costs. This time appellant included allegations in its counterclaim supporting Matthews' inclusion as a party.

Appellant's new attorneys advised appellant that an appeal of the fee award had little chance of success, as multiple bases supported the award and expert attorney testimony supported the amount. Pursuing the new arbitration would not make appellant whole, even if appellant obtained another award in its favor, because it had already expended $700,000 in fees for its own attorneys, and interest on the fee judgment continued to run, none of which was recoverable in arbitration. Appellant tendered the prosecution of the fee award appeal to McCulloch and Dickinson Wright, who refused.

3

Thereafter, appellant filed its legal malpractice action against Hinshaw, McCulloch, and Dickinson Wright, alleging they had acted with negligence and gross negligence. Appellant sought to recover "damages, including the loss of its Arbitration award, the expenses, costs and attorney's fees incurred in defending against the [circuit court action]." Appellant also sought all fees incurred while defendants had been representing it in the arbitration, plus costs, and pre-judgment interest.

Shortly thereafter, appellant settled both the fee judgment appeal and the arbitration proceeding with Global and Matthews. All defendants answered the malpractice action, alleging in one affirmative defense that appellant's claims were barred, in whole or in part, when appellant abandoned the appeal and arbitration or by its decision to voluntarily settle the underlying proceedings instead of seeking appellate review.[1]

Dickinson Wright moved for summary judgment, which Hinshaw and McCulloch expressly joined. The motion alleged that because appellant settled the arbitration and the fee appeal, it was foreclosed from bringing a claim for legal malpractice. Defendants argued, "[w]here legal malpractice is alleged, if the plaintiff can rectify the attorneys' alleged negligence but fails to do so, Florida courts routinely hold that such failure constitutes abandonment of a claim for legal malpractice." Defendants further argued that because appellant abandoned two possible paths to success against Global and Matthews, appellant proximately caused its own damages and was barred from seeking redress for alleged legal malpractice.

Appellant filed its response and counterstatement of facts. Appellant argued that continuing to pursue the arbitration rehearing would have been futile because appellant could not have been made whole in that proceeding, as the legal fees incurred in defending against Matthews' attempts to vacate the arbitration award as well as the fee award to Matthews were not recoverable in arbitration. Appellant also argued that "a settlement does not in and of itself serve to defeat a legal malpractice claim," and its settlement with Global and Matthews served to mitigate its damages which inured to defendants' benefit. Appellant asserted there was no curable, non-prejudicial mistake that could have been corrected on appeal and, moreover, its decision to settle did not bar a malpractice claim.

---

[1] The defendants alleged other affirmative defenses, but they are not relevant to this appeal.

At the hearing on the motion for summary judgment, defendants conceded for the purposes of the argument that McCulloch committed legal malpractice. The trial court asked each side to address whether appellant had the ability to recover all of its attorney's fees in the second arbitration and/or the fee appeal. Defendants argued that the purchase agreement expressly allowed for the recovery of attorney's fees in connection with the purchase agreement, which would have included any fees relating to the confirmation or vacatur of an award pursuant to that purchase agreement. Appellant responded that the purchase agreement did not provide for attorney's fees in arbitration, and attorney's fees were recoverable only in a suit to enforce the purchase agreement. Appellant further argued that the circuit court action did not seek to enforce the purchase agreement but instead sought to enforce the arbitration award, such that appellant's fees incurred in that suit could not be awarded under the attorney's fees provision of the contract.

The trial court granted defendants' motion and entered final summary judgment against appellant. It explained that appellant's decision to settle was the sole cause of the loss of its arbitration award, thus foreclosing the legal malpractice claim. The trial court found that because appellant had prevailed in the first arbitration, chances were overwhelmingly in favor of appellant prevailing again. The defendant's malpractice, including the shifting of attorney's fees, could have been cured at the new arbitration hearing, according to the trial court. The court relied on the prevailing party provision of the contract to determine that appellant could have recovered all of its fees in a new arbitration hearing. As to the fee judgment, the court stated that it too could be cured by an appeal, because the fee judgment "was wholly modifiable and reversible." It did not state why it thought the fee award would likely be reversed. The court entered judgment in favor of all defendants in appellant's malpractice action.

This appeal follows. During its pendency, appellant dismissed the appeal as to McCulloch and Dickinson Wright. Thus, the appeal proceeds solely against appellee Hinshaw.

**Analysis**

Appellant contends that the trial court erred in entering summary judgment in favor of Hinshaw, because settlement of the arbitration proceedings and dismissal of the fee appeal did not constitute abandonment of appellant's legal malpractice action. Moreover, appellant argues, continuation of both proceedings would not result in curing all of the appellant's redressable harm. We agree that genuine issues of fact and law remain, thus precluding summary judgment.

5

"The standard of review for an entry of summary judgment is *de novo*." *Capio v. W. Beef of Fla.*, 384 So. 3d 192, 193 (Fla. 4th DCA 2024). "Under Florida Rule of Civil Procedure 1.510(a), the new summary judgment standard closely mirrors the standard for directed verdict, in which the focus of the analysis is whether the evidence presents a sufficient disagreement to require submission to a jury." *Id.* (internal quotation marks deleted) (quoting *Halum v. ZF Passive Safety Sys. US, Inc.*, 360 So. 3d 391, 393 (Fla. 4th DCA 2023)). "Summary judgment is proper where 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *City of Delray Beach v. DeLeonibus*, 379 So. 3d 1177, 1180 (Fla. 4th DCA 2024) (quoting *Constr. Consulting, Inc. v. Dist. Bd. of Trs. Of Broward Coll.*, 347 So. 3d 14, 21-22 (Fla. 4th DCA 2022)).

"A cause of action for legal malpractice has three elements: (1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) the attorney's negligence was the proximate cause of loss to the client." *Miller v. Finizio & Finizio, P.A.*, 226 So. 3d 979, 982 (Fla. 4th DCA 2017) (quoting *R.S.B. Ventures, Inc. v. Berlowitz*, 211 So. 3d 259, 263 (Fla. 4th DCA 2017)).

Because Hinshaw has admitted malpractice for the purpose of the motion for summary judgment, the main issue on appeal is whether appellant suffered redressable harm as a result. "No cause of action for legal malpractice 'should be deemed to have accrued until the existence of redressable harm has been established.'" *Bierman v. Miller*, 639 So. 2d 627, 628 (Fla. 3d DCA 1994) (quoting *Diaz v. Piquette*, 496 So. 2d 239, 240 (Fla. 3d DCA 1986)). "To prevail on a motion for summary judgment against a client in a legal malpractice action, an attorney must demonstrate that the client did not suffer redressable harm as result of his or her work." *KJB Vill. Prop., LLC v. Craig M. Dorne, P.A.*, 77 So. 3d 727, 730 (Fla. 3d DCA 2011).

Under Florida law, a client's mere acceptance of a settlement in a prior case does not automatically foreclose the client from bringing a malpractice action against the attorney who handled the case. *Coble v. Aronson*, 647 So. 2d 968, 970–71 (Fla. 4th DCA 1994). "[S]ettlement of underlying or related litigation and the consequent failure to complete appellate review thereof does not bar a claim for attorney malpractice where the existence of redressable harm does not depend on the outcome of the litigation." *Id.* at 971; *see also Keramati v. Schackow*, 553 So. 2d 741 (Fla. 5th DCA 1989) (attorney malpractice action existed where the

plaintiff claimed that lawsuit was settled for far less than the case was worth due to negligent advice of counsel).

Florida courts have not adopted a strict rule regarding whether a settlement or failure to appeal constitutes an abandonment of a legal malpractice claim. As we noted in *Lenahan v. Russell L. Forkey, P.A.*, 702 So. 2d 610 (Fla. 4th DCA 1997), it depends on the circumstances. There we explained:

> The circumstances in which a client's subsequent actions constitute an abandonment of a legal malpractice claim, as a matter of law, are very narrow. *See Segall v. Segall*, 632 So. 2d 76 (Fla. 3d DCA 1993); *Pennsylvania Ins. Guar. Ass'n v. Sikes*, 590 So. 2d 1051, 1053 (Fla. 3d DCA 1991). For example, in *Sikes* it was determined, as a matter of law, that the client's loss resulted from judicial error occasioned by the attorney's curable, **nonprejudicial mistake that "in all likelihood"** would have been corrected on appeal. 590 So. 2d at 1053. Thus, the failure to pursue the appeal was held to constitute abandonment as a matter of law. *Id.*

> In declining to adopt a bright-line rule, the third district cautioned that:

> > Our cases should not be read to require every party who suffers a loss and attributes that loss to legal malpractice to obtain a final appellate determination of the underlying case before asserting a claim for legal malpractice. The test for determining when a cause of action for attorney malpractice remains when 'the existence of redressable harm has been established.' In some cases, redressable harm caused by errors in the course of litigation can only be determined upon completion of the appellate process. In other cases, the failure to obtain appellate review should not bar an action for malpractice.

> *Segall*, 632 So. 2d at 78 (citations omitted).

*Id.* at 611-12 (emphasis supplied).

*Lenahan* provides an example of a case where, on a motion for summary judgment, a court could not conclude that a settlement and voluntary dismissal of underlying litigation constituted an abandonment of the legal

7

malpractice action.  There, a client, hired a Florida attorney to represent the client in securing title to property in Virginia.  *Id.* at 611.  The attorney allegedly negligently handled the matter and misled the client regarding a Florida lawsuit.  *Id.*  After discharging the attorney, the client hired a Virginia firm which filed suit in Virginia but then settled the case.  *Id.*  The client filed suit for legal malpractice against the attorney.  The trial court entered summary judgment in favor of the attorney, finding that the Virginia settlement constituted an abandonment of the client's legal malpractice action against the attorney.  *Id.*

On appeal, we reversed, as the settlement and dismissal of the Virginia suit did not preclude the client from showing redressable harm.  Specifically, we explained:

> In this case, the allegation, which is supported by an affidavit, is that the Virginia lawsuit was dismissed as a direct result of [the attorney's] negligence in handling the matter.  The record contains no contrary affidavit.
>
> While **neither party has explained why the cause of action in Virginia seeking an interest in land would have been barred as a result of [the attorney's] actions in filing a verified complaint in Florida** for money damages only, the burden at this stage in the proceedings is on [the attorney], as the moving party, to establish the absence of justiciable issues of fact and his entitlement to summary judgment.  *See Galloway v. Law Offices of Merkle, Bright & Sullivan, P.A.*, 596 So. 2d 1205 (Fla. 4th DCA 1992).  While [the attorney] may be able to show that his representation of the client did not preclude the client from prevailing in the Virginia lawsuit, he has not done so at this time.

*Id.* (emphasis added).

Similarly, in this case the trial court maintained, and Hinshaw argued, that the new arbitration proceeding and the fee judgment appeal would have cured any legal malpractice, but neither explain how all of appellant's damages could be cured by the continuation of the arbitration and fee appeal.  An examination of the record shows that there are genuine material issues of fact and law regarding the claim.

The fee judgment awarded Matthews fees, because he was never a party in the arbitration.  Both the trial court and we, in the first appeal, determined that Matthews was entitled to fees.  Nothing in the record

8

shows that the fee award of almost $500,000 could be vacated as a result of any further proceedings in arbitration or appeal. The attorneys' affidavits filed in response to the motion for summary judgment show that reversal of the fee judgment on appeal was a practically non-existent outcome, as the award was both pursuant to section 682.15 and Matthews' offer of judgment. Part of the award was for appellate fees, for which this court had already determined entitlement. The fee amount was supported by detailed evidence from a well-respected attorney. While the trial court concluded that the fee judgment was "wholly modifiable and reversible," it did not provide any reasoning to support its statement. Pursuing an appeal of questionable merit would only incur more fees to appellant, and the record does not show that the fee appeal would have cured the legal malpractice.

In order for the new arbitration hearing to be considered a cure of the legal malpractice at the original hearing, the attorney must show that the attorney's curable, nonprejudicial mistake would in all likelihood be corrected in the subsequent proceedings. *See Sikes*, 590 So. 2d at 1053. The trial court concluded that because appellant had prevailed in the first proceeding, it was overwhelmingly likely that it would prevail again in a subsequent proceeding. However, in the order vacating the original arbitration proceeding, the circuit judge stated, "There is no way to know what result a proper arbitration would have reached when the underlying reasoning is flawed in law and fact. The arbitrator failed [to] follow Florida law, contract law and the Florida Bar rules in the handling of this matter." The matter was referred to a different arbitrator. This order alone shows that the likelihood of success in a subsequent arbitration is disputed and a material issue of fact.

In addition, while the trial court concluded that appellant could have recovered the entire amount of its fees if it prevailed in the new arbitration proceeding, a point we do not decide, at least a portion of those fees would clearly not be recoverable, namely the fees expended on the first appeal in this case. Entitlement to appellate attorney's fees may only be determined by the appellate court, and we did not award appellant any fees. *See Ryan v. City of Boynton Beach*, 157 So. 3d 417, 419 (Fla. 4th DCA 2015). Therefore, appellant had at least some fees which could not be recovered in a subsequent arbitration.[2] The settlement may have mitigated appellant's damages, which may have actually benefitted defendants by reducing the attorney's fees to which appellant may have been entitled in

---

[2] We do not intend to limit what appellant may pursue as damages to only those we mention in this paragraph. We use them as examples to show that redressable damages exist which cannot be cured in the subsequent proceedings.

any subsequent proceeding. *See, e.g., Keramati v. Schackow*, 553 So. 2d 741, 745 (Fla. 5th DCA 1989).

Moreover, at least some other damages would never be compensated in further proceedings. In particular, the first arbitration award awarded appellant $80,000 in fees. That award was vacated, because McCulloch did not obtain admission to practice pro hac vice. Those fees could never be recovered from Global or Matthews in another proceeding, because the trial court found their assessment was contrary to public policy.

The appellant has shown redressable harm. The trial court erred in entering summary judgment.

## Conclusion

While appellant settled an arbitration proceeding and abandoned an appeal of a fee award, these actions did not constitute an abandonment of its legal malpractice action against its attorney. Material issues of fact remain as to whether either of these proceedings could have cured the attorney malpractice alleged and all of the redressable harm to appellant. We thus reverse the final summary judgment and remand for further proceedings.[3]

*Reversed and remanded.*

GROSS and CONNER, JJ., concur.

*     *     *

**_Not final until disposition of timely filed motion for rehearing._**

---

[3] We recognize that the only appellee remaining in this case is Hinshaw & Culbertson, with whom McCulloch was a partner for only a portion of the underlying proceedings. How much of the damages are attributable to it as a result of any vicarious liability for McCulloch's conduct was not argued in this proceeding, nor were the other defenses raised by the firm.