777 So.2d 1189 (2001)
Theresa BRADLEY, Appellant,
v.
Adam Stephen Doner DAVIS, Gordon, Doner & Chandler, P.A., John William Carroll; and John William Carroll, P.A., Appellees.
No. 4D00-1765.
District Court of Appeal of Florida, Fourth District.
February 21, 2001.
Theresa Bradley, Palm Beach Gardens, pro se.
Paul Buschmann of Michaud, Buschmann, Fox & Mittelmark, P.A., Boca Raton, for Appellees-John William Carroll and John William Carroll, P.A.
William T. Viergever of Sonneborn, Rutter, Cooney, Klingensmith & Eyler, P.A., West Palm Beach, for Appellees-Adam, Stephen, Doner and Davis Gordon Doner & Chandler, P.A.
KLEIN, J.
Appellant plaintiff sued the appellees for negligently representing her on her securities claims for churning, causing her arbitration claim against a securities firm to be dismissed with prejudice. Because appellant did not appeal the dismissal, the trial court granted the defendant's motion for summary judgment in this action, concluding that plaintiff's failure to pursue an appeal barred her malpractice claim. We affirm.
Plaintiff filed her claim for binding arbitration in 1996 against Dean Witter, before the National Association of Securities Dealers, Inc., alleging churning of her investment account which occurred in 1992. After her initial attorneys withdrew in 1997, she retained appellee Doner and his firm in 1997. Doner withdrew shortly after being retained, and she then retained appellee Carroll. After some discovery disputes and plaintiff's obtaining several postponements of the arbitration, the arbitrators dismissed her claim with prejudice pursuant to rule 10305(b) of the NASD Code of Arbitration Procedure, which provides:
The arbitrators may dismiss a claim, defense, or proceeding with prejudice as a sanction for willful and intentional material failure to comply with an order of the arbitrator(s) if lesser sanctions have proven ineffective.
Plaintiff filed an appeal, as is authorized under section 9 U.S.C.A. § 10(a)(4) of the Federal Arbitration Act; however she did *1190 not pursue it, and it was dismissed. As an alternative to voluntary dismissal, plaintiff had moved for a stay of her appeal for an indefinite period not to exceed twelve months, alleging that her malpractice action against her lawyers would preclude the need for "her meritorious appeal."
In this action the defendants filed a motion for summary judgment supported by affidavits of two securities lawyers who rendered opinions that if plaintiff had pursued her appeal of the dismissal of the arbitration proceeding with prejudice, the dismissal with prejudice would have been reversed. Plaintiff did not file any opposing affidavits, and the trial court granted the motions for summary judgment.
The trial court relied on the line of cases which hold that a client cannot pursue a legal malpractice case if the mistake in the original law suit would "in all likelihood" have been corrected on appeal, and the client did not appeal. Segall v. Segall, 632 So.2d 76 (Fla. 3d DCA 1993); Pennsylvania Ins. Guar. Ass'n v. Sikes, 590 So.2d 1051 (Fla. 3d DCA 1991); Hunzinger Const. Corp. v. Quarles & Brady General Partnership, 735 So.2d 589 (Fla. 4th DCA 1999), rev. denied, 766 So.2d 222 (Fla. 2000).
We agree with the defendants that "in all likelihood" plaintiff would have won her appeal of the dismissal with prejudice of the arbitration proceedings if she had pursued it. One of the affidavits of defendants' experts, referring to rule 10305(b), which authorizes dismissal with prejudice only "if lesser sanctions have proven ineffective," stated that there had been no lesser sanctions. We have reviewed the arbitration proceedings and agree with the defendants that there had been no lesser sanctions which had proven ineffective. Accordingly neither the discovery disputes, nor the postponements, warranted the ultimate sanction, dismissal with prejudice. Plaintiff has cited no authority, and our own research has not turned up any, which would support the proposition that this dismissal with prejudice would have been affirmed on appeal under federal or Florida law. We therefore affirm.
FARMER and TAYLOR, JJ., concur.