ON MOTION FOR REHEARING

COPE, Judge.
On consideration of appellant’s motion for rehearing, we withdraw the court’s previous opinion and substitute the following opinion:
Daniel C. George appeals from an adverse final summary judgment. We affirm.
Appellant Daniel George was formerly counsel to Ennia General Insurance Company. In the first underlying lawsuit, Ennia sued George for legal malpractice, alleging that George had failed to timely file 134 subrogation claims and that the statute of limitations had expired. Ennia also alleged malpractice in connection with his defense of an Ennia insured in one lawsuit.
George’s professional malpractice insurer, INAPRO,[1] undertook his defense, and hired the appellee law firm of Wicker, Smith, Tu-tan, O’Hara, McCoy, Graham & Lane, P.A. (Wicker Smith), to conduct the defense. During the ensuing litigation, summary judgment was entered in George’s favor on all but three of the 135 malpractice claims.
Ennia proposed to settle the remaining three claims in exchange for payment of $40,-000 by INAPRO. The professional liability insurance policy stated, “The Company shall not make any settlement or compromise any claim without the written consent of the Insured.” George vetoed Ennia’s settlement proposal, and a subsequent one.
Ennia finally proposed that it would voluntarily dismiss its case with prejudice if INA-PRO would not seek to recover its taxable costs.[2] This was acceptable to INAPRO, since INAPRO in its ordinary practice would not have sought such costs anyway. INA-PRO again consulted George. According to the affidavit of appellee James M. Redmond of Wicker Smith:
I telephoned Daniel George and after an extensive conversation, got him to agree that if INAPRO chose not to seek reimbursement for its litigation expenses, that was their business as it was INAPRO’s money and not his. He did not agree to settlement and made it quite clear that he *1211 did not want Ennia General Insurance Company getting paid any money as a result of its legal malpractice lawsuit against him and his former partner and partnership.
I told Mr. Gramling [counsel for Ennia] in no uncertain terms that Mr. George would not approve or agree to settle the ease but that he had no authority to keep INAPRO from foregoing its right to follow up on its subrogation rights for costs and fees and/or it was their money, not his, and he could not prevent INAPRO from waiving their claim if they wished to do so.
According to George’s affidavit:
Redmond apparently continued negotiations and advised me that he wished to waive any claim for litigation costs in return for a dismissal with prejudice of the remaining claims.
I told him that I would not agree to any settlement and that under no circumstances was any waiver of costs to be considered as a settlement which would preclude my maintaining a malicious prosecution suit against Ennia.
That notwithstanding my demand that Wicker Smith not settle the case, and preclude me from maintaining a malicious prosecution action against Ennia, they proceeded to settle the case over my objections, without seeking a provision in the dismissal that would be of such a nature as to indicate that I was not guilty of the remaining claims against me.
On March 28, 1990, ■ Redmond wrote to Ennia’s counsel “to accept the settlement terms....” Ennia was to file a voluntary dismissal with prejudice. INAPRO would issue a letter of intent stating that there would be no attempt to collect prevailing party costs.
On April 2, 1990, Redmond wrote to En-nia’s counsel, stating:
This is to supplement my recent letter wherein we discussed the terms under which we have agreed to dispose of this case. Specifically, in order to avoid any confusion, the agreement which we are currently implementing is not a “settlement” wherein the defendants are acknowledging in any way that there was any exposure to plaintiff on its claims as articulated in its Amended Complaint. Rather, INAPRO, Mr. George’s and Mr. McQuade’s professional liability insurance carrier, has agreed to forego any claims it may have for reimbursement of the expenses it has incurred in defending Messrs. George & McQuade in this lawsuit. To put a fine point on it[,] Ennia General Insurance Company is voluntarily dismissing, with prejudice, this lawsuit as its own independent decision and in no way involves either defendants George & McQuade.
This letter is intending to clarify the use of the word “settlement” in my letter of March 28, 1990, which was used inadvertently and in no way should be construed as indicating that this case was “settled”.
If you have any questions, please call me at your convenience. I am looking forward to receiving your dismissal with prejudice ending this lawsuit.
Ennia’s counsel replied, “I am not certain that I understand it [Redmond’s letter] but do believe that we have agreed to dispose of this case_” Ennia then voluntarily dismissed the lawsuit with prejudice.
Next, George filed suit against Ennia and its attorneys for malicious prosecution. En-nia moved for summary judgment on the theory that the first lawsuit had been settled, and that there had thus been no bona fide termination of the first lawsuit in favor of George. A bona fide termination in favor of George was an essential element of the malicious prosecution suit. See Union Oil of California Amsco Div., v. Watson, 468 So.2d 349, 353 (Fla. 3d DCA 1985). In opposition, George argued that INAPRO’s waiver of costs did not constitute a settlement, and that he had not agreed to a settlement. The trial court entered summary judgment in favor of all defendants. George did not appeal.
George then filed the present suit against Cigna, INAPRO’s successor in interest, alleging breach of the insurance contract for settling the lawsuit without his consent. He also sued the Wicker Smith firm, Redmond individually, and G. Victor Tutan, another *1212 Wicker Smith partner, for legal malpractice for settling the lawsuit without his consent. George contended that he had been damaged because the manner of disposing of the first lawsuit had barred his malicious prosecution case against Ennia and its attorneys. Defendants moved for summary judgment on multiple grounds, and the trial court granted the motion. George has appealed.
We conclude that the summary judgment was correctly entered.[3] The summary judgment record reflects that when on March 28, 1990, Redmond sent his letter accepting the Ennia proposal, he simultaneously sent the letter to George. The summary judgment record also reflects that prior to sending the April 2,1990, letter, Redmond provided his draft (which retreats from the use of the word “settlement”) to George. George replied that he “has no objection to the proposed letter.” Having given consent, it is too late for George to change position now.
Assuming arguendo that the original lawsuit was settled without George’s consent, he still would not be entitled to relief. This court has said, “An unauthorized compromise, executed by one’s attorney ... unless subsequently ratified, is of no effect and may be repudiated or ignored and treated as a nullity by one in whose behalf it was executed.” Cross-Aero Corp. v. Cross-Aero Service Corp., 326 So.2d 249, 250 (Fla. 3d DCA 1976) (emphasis added); Weitzman v. Bergman, 555 So.2d 448, 449 (Fla. 4th DCA 1990). This court has also said:
A liability insurer’s settlement of a claim against the insured, made without the insured’s consent or against his protests of nonliability, and not thereafter ratified by him, will not ordinarily bar an action by the insured against the person receiving the settlement on a claim arising out of the same state of facts.
Shields v. Del Rosario, 303 So.2d 355, 357 (Fla. 3d DCA 1974) (citation omitted).
Assuming arguendo that the disposition of the original lawsuit was an unauthorized settlement, George under the cited authorities could have repudiated the settlement.[4] This issue could have been raised in response to Ennia’s motion for summary judgment in the malicious prosecution case, assuming that there was a factual basis to support it. As already indicated, however, the summary judgment record reveals that George was timely apprised of the Wicker Smith correspondence and consented to it. That being so, affirmance is in order and we need not reach the other arguments raised by the parties.[5]
Affirmed.[6]

. Appellee Cigna Insurance Company is the successor in interest to INAPRO.

. INAPRO had paid costs on' George’s behalf.

. For present purposes we assume, but do not decide, that the insurer has a duty to proceed in the litigation in a way which will not impair the insured's potential malicious prosecution claim, if a good faith basis for such a claim exists. See Shuster v. South Broward Hospital District Physicians Professional Liability Ins. Trust, 591 So.2d 174, 177 (Fla.1992).

. Of course, if George had taken that position then Ennia may have been entitled to relief from judgment so as to reinstate its dismissed action.

. Defendants argue, among other things, that the insurer's agreement to waive its own entitlement to reimbursement of costs did not amount to a settlement or compromise which would require the written consent of the insured. Defendants also argue that in light of Redmond's April 2, 1990, letter there was no bargained-for dismissal within the meaning of Union Oil, 468 So.2d at 353 & n. 3, and that there was no basis for barring the cause of action for malicious prosecution. They contend that George failed to timely file, in the malicious prosecution action an affidavit Redmond had given George to file in opposition to Ennia's motion for summary judgment, which affidavit (according to appellees) would have precluded the entry of summary judgment in that case. Defendants also say that under the circumstances, George was obliged to appeal the adverse summary judgment in the malicious prosecution case, and that had he done so, he would more probably than not have received relief on appeal. We do not reach these issues.

.In light of the revised opinion, rehearing is denied.