DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TALCOTT RESOLUTION LIFE INSURANCE COMPANY,** f/k/a **HARTFORD LIFE INSURANCE COMPANY,** and **TALCOTT RESOLUTION COMPREHENSIVE EMPLOYEE BENEFIT SERVICE COMPANY,** f/k/a **HARTFORD COMPREHENSIVE EMPLOYEE BENEFIT SERVICE COMPANY,**
Appellants,

v.

**NOVATION CAPITAL LLC, EISBOCK FUNDING, LLC,** and **JUSTIN BRANNEN,**
Appellees.

No. 4D17-3762

[December 12, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Sandra Perlman, Judge; L.T. Case No. CACE-17-005027 (04).

Jeffrey M. Landau of Shutts & Bowen LLP, Miami, and Peter Vodola of Rearson Scanlon, LLP, West Hartford, Connecticut, for appellants.

Scott J. Topolski of Cole Schotz P.C., Boca Raton, for appellees.

WARNER, J.

This is an appeal from a judgment on the pleadings in a declaratory judgment action to determine which party is entitled to a future payment from a structured settlement agreement. Based upon the pleadings, the trial court determined that the appellee Novation had purchased the right to the future payment from the original payee and had assigned it to appellee Eisbock Funding, LLC, who was entitled to the future structured settlement payment. We reverse, because the pleadings do not establish that Novation, as transferee of the structure settlement payment, complied with the provisions of the Structured Settlement Protection Act, section 626.99296, Florida Statutes (2012). There remained a question of fact as to whether the transfer had been approved in advance by a trial court. The court erred in granting judgment on the pleadings.

"Structured settlements are settlements of tort claims involving physical injuries . . . under which settlement proceeds take the form of periodic payments, including scheduled lump sum payments." Daniel W. Hindert & Craig H. Ulman, *Transfers of Structured Settlement Payment Rights*, 44 No. 2 JUDGES' J. 19, 19 (2005). During the 1990's, specialized financing companies, known as factoring companies, "began persuading structured settlement recipients . . . to trade future payments for present cash," but they often exploited the payees. *Id.* at 19-20. Thus, many states enacted structured settlement protection acts (SSPAs) that require advanced court approval of the sale and transfer of settlement payment rights. *Id.* at 20. Most SSPAs require the transferee to make disclosures to the payee regarding the future payments' values, and the court must find that the transfer is in the best interests of the payee and his or her dependents. *Id.* In 2001, Florida enacted its own SSPA to safeguard payees' rights. § 626.99296, Fla. Stat. (2001).

This case involves a structured settlement payment which was transferred to appellee, Novation. In 2005, Justin Brannen, the payee, entered into a structured settlement agreement and release of all claims with an underinsured motorist carrier regarding his injuries in a car accident. Under the agreement, he was entitled to a lump sum payment of $37,007.72 in 2028. The structured settlement was approved by the circuit court of the Tenth Judicial Circuit.

The insurer assigned its payment obligations under the settlement to appellant, Hartford Comprehensive Employee Benefit Service Company ("Hartford CEBSCO"). Hartford CEBSCO purchased an annuity from Hartford Life Insurance, the second appellant, to fund its obligation to make the 2028 settlement payment.[1]

In 2012, appellee Novation filed a petition in the Broward County Circuit court, seeking approval of a transfer of Brannen's right to the future settlement payment in exchange for a cash payment to Brannen of $6,000. This petition was filed by counsel for Novation, Jose Camacho, Jr. The petition stated that Novation proposed to assign its rights to the future payment to Eisbock upon the court's approval of the transfer.

---

[1] Following appeal, both appellants changed their names. Hartford CEBSCO is now Talcott Resolution Comprehensive Employee Benefit Service Company, and Hartford Life Insurance Company is now Talcott Resolution Life Insurance Company. Throughout this opinion, we will refer to the parties collectively as "Hartford."

Attached to the petition was the agreement for sale of the structured settlement payment on Novation's letterhead and disclosures required by the Structured Settlement Act. Brannen also submitted an affidavit stating his need for the money to pay bills associated with his new baby. He testified that he had received the required disclosures. Hartford and Brannen were served with the petition.

After filing the petition for approval of the transfer, counsel for Novation, Camacho, sent Hartford an "Agreed Final Order Approving Transfer" with a stamped filing date of April 10, 2012, on Novation's "unopposed Petition for Court Approval of a Transfer of Structured Settlement Payment Rights . . . ." The document looked like a valid order and had the same case number as that for the above petition in the SSPA proceeding. It was signed by a judge. The order directed Hartford to make the future settlement payment to Novation's assignee, Eisbock. At the time that Hartford received notice of the order, believing it to be valid, it updated its records to reflect that the future settlement payment was due to Eisbock.

Subsequently, in 2016, Hartford became aware that attorney Camacho had been indicted on fourteen counts of forgery related to the signatures of various Broward County Circuit Court judges on approximately 100 to 115 documents purporting to be orders approving transfers of structured settlement payment rights under Florida's SSPA. While the order which is the subject of this case was not listed as one of the forged documents, Hartford reviewed the Broward Clerk's website, and there were no docket entries in the SSPA petition proceeding for the April 2012 order approving the transfer of rights. Instead, the docket showed that the SSPA proceeding was dismissed in early 2013 for failure to prosecute. Thus, because the 2012 order was possibly forged, Hartford was unsure of its contractual obligation to send the future payment to either Brannen or Novation/Eisbock, and it was exposed to double liability. If there was no valid order authorizing the transfer, then Novation had not complied with the unwaivable provisions of the SSPA to effectuate the transfer. *See* § 626.99296 (5)(a), Fla. Stat. (providing that the provisions of the SSPA "may not be waived").

In 2017, to determine its responsibility for payment, Hartford filed a declaratory judgment action against Novation, Eisbock, and Brannen. It alleged the foregoing facts and attached relevant documents, including the disputed order and docket entries. It also alleged that Brannen claimed a right to the future payment. It served both Brannen and Novation. Brannen did not file an answer, but no default has been entered against

3

him.  Novation and Eisbock jointly filed an answer, claiming that Eisbock was entitled to the future payment through the transfer.  They denied the allegations that the order appeared to be invalid and that Brannen claimed a right to the payment.  For affirmative defenses, appellees alleged that Brannen was making no claim to the future payment, nor had Brannen made any appearance in the complaint.  Furthermore, he had received payment for the transfer.  Novation also contended that Hartford changed its position in reliance on the transfer by updating its records as to the future payee.  Thus, through the doctrines of estoppel, waiver, and reliance, Novation and Eisbock were entitled to a declaration that Eisbock was entitled to the future payment from Hartford.

Appellees then filed a motion for judgment on the pleadings, alleging that based upon the pleadings, both Hartford and appellees desired a declaration as to who was the proper payee of the future settlement payment.  Eisbock was the only party who asserted the right to the payment, as Brannen had failed to file any pleading.  In response, Hartford filed a motion for summary judgment, arguing that because Novation acknowledged in its answer that the disputed 2012 order approving the transfer of structured settlement payment rights may not be in the court records, the court should enter a declaratory judgment finding that Brannen was entitled to the payment.  It contended that the affirmative defenses of estoppel, waiver, and reliance were not applicable because the requirements of the SSPA were non-waivable.  As there was no valid court order approving the settlement in advance, a non-waivable requirement under the SSPA, Novation had failed to comply with the statute.  Thus, the transfer was ineffectual.

The court granted the motion for judgment on the pleadings.  It determined that in its answer, Novation alleged that it had paid Brannen for the transfer, and Brannen was not before the court either claiming that he was not paid or demanding that he no longer was bound by the transfer agreement.  It then directed Hartford to irrevocably change the payee of the future payment to Novation's assignee, Eisbock, and ordered that Brannen had no further right to request changes to the payee.  From this order, Hartford appeals.

A party may move for a judgment on the pleadings after all pleadings are closed.  Fla. R. Civ. P. 1.140(c).  This Court reviews a judgment on the pleadings de novo.  *Miller v. Finizio & Finizio, P.A.*, 226 So. 3d 979, 982 (Fla. 4th DCA 2017).  Such a motion tests the legal sufficiency of the cause of action:

The purpose of a motion for judgment on the pleadings is to test the legal sufficiency of a cause of action or defense **where there is no dispute as to the facts**. A motion for judgment on the pleadings is similar to a motion to dismiss and raises only questions of law arising out of the pleadings. **Where a defendant moves for judgment on the pleadings, a court must take as true all of the material allegations in the plaintiff's complaint and must disregard all of the denials in the defendant's answer.**

*Id.* (emphasis added) (internal citations and quotation marks omitted); *see Tanglewood Mobile Sales, Inc. v. Hachem*, 805 So. 2d 54, 55 (Fla. 2d DCA 2001) (holding that when ruling on a defendant's motion for judgment on the pleadings, the court must assume as true all of the allegations in the complaint and must accept as false all of the allegations in the answer, and it is improper to grant such a motion if factual questions remain).[2]

"Transfer of settlement payment rights are regulated by statute [section 626.99296] and court approval is required before a transfer may go forward." *Rapid Settlements, Ltd. v. Dickerson*, 941 So. 2d 1275, 1276 (Fla. 4th DCA 2006) (alteration added). Indeed, section 626.99296(3)(a), Florida Statutes (2012), provides that:

A direct or indirect transfer of structured settlement payment rights is not effective and a structured settlement obligor or annuity issuer is not required to make a payment directly or indirectly to a transferee of structured settlement payment rights **unless the transfer is authorized in advance in a final order by a court of competent jurisdiction . . . .**

(emphasis added). Assuming the truth of the allegations of Hartford's complaint, the order approving the transfer of the settlement pursuant to the SSPA may have been a forgery. If it were, then it was ineffective to authorize the transfer. Because both parties conceded that the validity of the 2012 order was disputed, there was an issue of fact regarding the

---

[2] Although not raised by either party or addressed by the trial court, we note that a motion for judgment on the pleadings may have been unauthorized in this case, because the pleadings were not closed. Brannen had not answered the complaint seeking a declaratory judgment, nor had a default been entered against him. As Brannen could plead until a default was entered, the pleadings were not closed. Fla. R. Civ. P. 1.500(c) ("A party may plead or otherwise defend at any time before default is entered.") Because this was not raised in the lower tribunal, we do not predicate our decision on this ground.

validity of the transfer of payment rights that precluded the entry of a judgment on the pleadings. *See Lutz v. Protective Life Ins. Co.*, 951 So. 2d 884, 888-90 (Fla. 4th DCA 2007) (finding the trial court improperly granted defendant insurer's motion for judgment on the pleadings in a declaratory judgment action where the insured stated a valid claim for a declaratory judgment and set forth uncertainty as to his rights under an insurance contract; the insured alleged that his out-of-state health insurance group's policy was subject to the Florida Insurance Code because the insurer failed to comply with statutory requirements for an exemption, and there was an actual dispute with the insurer concerning those rights); *Swim Indus. Corp. v. Cavalier Mfg. Co., Inc.*, 559 So. 2d 301, 302 (Fla. 2d DCA 1990) (noting court must consider as true all of the material allegations by the party opposing the motion, and a court improperly grants a defendant's motion when "material issues of fact remain").

The SSPA was intended to protect the payee's interests. § 626.99296(1), Fla. Stat. (stating the SSPA's purpose "is to protect recipients of structured settlements who are involved in the process of transferring structured settlement payment rights."). The trial court, however, entered judgment, determining that because Brannen had not contested the payment to Novation, Hartford was required to pay Novation's assignee, ignoring the statutory requirements. However, even if Brannen did not contest the payments to Novation, section 626.99296(5), Florida Statutes, prohibits the payee (Brannen) from waiving the provisions of the SSPA. Thus, whether Brannen consented to the transfer or failed to appear in these proceedings, he could not waive the requirement that Novation comply with the provisions of the SSPA, including advanced approval of the transfer in a valid court order.

Novation and Eisbock also contend that all parties reasonably relied on the 2012 order, and thus, Hartford should not be allowed to complain. "[A] party who accepts the benefit of an order is estopped from urging error upon the same order. While estoppel does not validate an otherwise invalid decree, it prevents a party who sought and benefitted from an order from questioning its validity." *In re Adoption of D.P.P.*, 158 So. 3d 633, 639 (Fla. 5th DCA 2014) (internal citations omitted). There was no allegation in any of the pleadings that Hartford benefitted from the order. The fact that it changed its records to reflect Novation as the new payee does not confer any benefit on Hartford.

The validity of the 2012 order was a material issue of fact which could not be determined on the motion for judgment on the pleadings. If it were not a valid order, the transfer would not have been authorized under the

SSPA, which provisions could not be waived. The court erred in determining that Eisbock was entitled to payments without first determining the validity of the 2012 order. We thus reverse and remand for further proceedings on the declaratory judgment action.

DAMOORGIAN and KUNTZ, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***